(3 App. Div. 464.)

CONSELYEA v. SUPREME COUNCIL, AMERICAN LEGION OF HONOR.

(Supreme Court, Appellate Division, First Department. April 10, 1896.)

INSURANCE—BENEFIT CERTIFICATE—TITLE ACQUIRED BY BENEFICIARY.
    The rules of a benefit association required a member desiring to withdraw to pay all charges against him and surrender his certificate, with a written release of all claims against the order, and made nonpayment by a member of assessments when due ipso facto an avoidance of the certificate. A member, under separation agreement, delivered to his wife his certificate, in which she was the beneficiary, she agreeing to pay assessments, he not to change the beneficiary, and she thereafter, retaining the certificate in her possession, paid the assessments to the association, who had knowledge of the facts, till the association, on tender, refused to accept them. Held, that title to the certificate vested in the wife, which could not be defeated by the resignation of the husband without surrender of the certificate, or by his failing personally to pay assessments.

Action by Charlotte A. Conselyea against the Supreme Council, American Legion of Honor on a benefit certificate.   The special term directed a verdict for defendant, and ordered exceptions to be heard by the general term in the first instance.   On motion for new trial. Granted.

This action was brought to recover the amount due under a benefit certificate issued by the defendant on December 6, 1883, to one William Conselyea, for the benefit of his wife, the plaintiff.   No change was made of the beneficiary named in the certificate from the date of its issue until the death of the member, which occurred on the 21st day of August, 1893.   All the dues and assessments accruing under this certificate were paid up to the assessment No. 237, due June 15, 1892.   The payment of that and of the subsequent assessments was however, tendered and refused.   In February, 1889, a separation agreement was entered into between plaintiff and her husband, whereby they mutually agreed to live apart, the husband to pay a certain sum monthly for the wife's support, and she, among other things, to have all policies or certificates of insurance then held by him for her benefit, which were to be delivered to her, and thereafter such insurance to be maintained by her, he agreeing not to change the beneficiary named in such policies or certificates.   Under this agreement the benefit certificate in question was delivered to plaintiff, who from that time retained it and paid all assessments and dues thereunder, amounting to over $100, up to the assessment of June 15, 1892, before referred to.   The plaintiff and her husband continued to live apart, pursuant to the agreement; and this, together with the further fact that the assessments and dues were being paid by the wife, was known to the local or subordinate council of the defendant.   Notwithstanding the agreement, the husband endeavored to deprive the plaintiff of her rights under the certificate, and wrote a number of letters, not only to the subordinate council, but to defendant itself, two of which (selected) are as follows:

"Dated, New York, June 6th, 1892.

"Received June 7th, 1892.

"Comp. A. S. Warnock, Supreme Sec'y.—Dear Sir: Some time ago I tendered my resignation to St. John's Council No. 3, A. L. of H., as one of its members, desiring to withdraw from the order.   Since then I received the following communication from the Sec'y., which you will find inclosed.   The section and article referred to is for those desiring to withdraw.   When I became a member of the order my certificate was made payable to what was then my wife, since which time differences arose which caused a separation, she holding the certificate and paying the assessments, which prevents my being suspended, and cannot furnish you with the certificate as demanded by this letter, but am perfectly willing to sign a release for all claims against the order.   If this meets your approval, please advise, for I think the council is acting in a manner not sustained by any law in receiving from one who is not a member of the order the assessments as they become due, thereby preventing my either withdrawing or suspension, and at the same time gratifying a desire of hers, as expressed, that I may die, so that she may get the benefit.   This I want to prevent, as she is worthy of no consideration.   Hoping to hear from you soon, I am,

"Yours, fraternally,                        William Conselyea, Sect."

"Dated, New York, June 10th, 1892.

"Officers and Members of St. John Council No. 3, A. L. of H.—Companions: I have waited nearly a year for the acceptance of my resignation from your council and order, which up to the present time has not been granted.   I again present it in the same spirit and meaning, and desire its immediate granting.   I also give notice that you accept no more assessments on my account, and that no more notices of my assessments be mailed any one; and, inasmuch as I have received no notice from the council either for the election of officers or for other matters which have called for special notification by mail, it is my desire that my name be dropped from the roll of your council, and that you record me suspended for nonpayment of the first assessment due and unpaid subsequent to the date of receipt of my communication.   Supreme

secretary has informed me that the acceptance of my resignation by the council is compulsory.

"Yours, fraternally, Wm. Conselyea."

In addition, letters were received from the husband, resigning as a member, and voluntarily withdrawing.

The by-laws relating to withdrawal and suspension are as follows:

"146. A member wishing to withdraw permanently from the order shall pay all dues, fines, and assessments charged against him, surrender his benefit certificate, with a written release of all claim thereto or against the order, and said release and benefit certificate shall be forwarded to the supreme secretary. * * *"

"65. Any member failing to pay the assessments required of him, and for which he shall be liable, on or before the day limited for the payment of the same, shall stand suspended from the order, and all rights and benefits therein; and his or her benefit certificate shall be void. * * *"

Argued before. VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

John Cummins, for plaintiff.

Morris Goodhart and Sol M. Stroock, for defendant.

O'BRIEN, J. The issue presented upon the trial was as to whether or not the husband, William Conselyea, was a member in good standing at the time of his death. The defendant contends that by his failure to pay the assessment No. 237, which was due on the 15th of June, 1892, he became suspended, pursuant to the laws of the association; and, further, that, having resigned as a member during his lifetime, pursuant to the by-laws, his membership had ceased. It will thus be seen that the claims advanced are that the husband was suspended for failing to pay his assessments, that he voluntarily withdrew as a member, and that, in either aspect, he had surrendered whatever right he had as a member; and therefore, not being a member in good standing at the time of his death, the beneficiary was entitled to no rights under the certificate which had been issued to him. In determining the weight to be attached to these contentions, the laws and rules of the defendant must be examined in the light of the facts here appearing, because such, according to the terms of the benefit certificate and the application for membership, constituted the contract between the member and the society, and these must be taken and construed together as measuring the rights of the litigants. Upon the question of voluntarily withdrawing or resigning from the order, although the answer did not advance any such claim, testimony was admitted which tended to show that the member was desirous of having his resignation accepted, with a view, in violation of his agreement, to cheating his wife out of any benefits under the certificate. The defendant and the subordinate council recognized that they could not accept his resignation, because the laws of the order expressly provided that, to withdraw voluntarily or permanently, it was necessary for a member to pay all dues, surrender his benefit certificate, and tender a release of all claims thereto. In presenting his application for withdrawal the husband complied with none of these conditions, for the claim is advanced that he had not paid his dues and the assess-

ment of June, 1892, and he was not in a position to surrender the certificate, which was then held by the plaintiff, and which he had parted with to her; nor did he tender a release of all claims thereto. She had secured the certificate under an agreement by which she was to pay the assessments; and these she paid, with the knowledge of the defendant, and thereby she acquired a vested interest in the certificate, of which the member could not deprive her. And the very provision of the by-laws which required a surrender of the certificate and a release by the member had in mind just such a contingency, because it provides that the member's liability should not cease so long as the dues were paid until the certificate was surrendered and a release given; and for the same reason the defendant's liability must continue until the certificate is surrendered. In Ireland v. Ireland, 42 Hun, 212, the member took out a certificate, naming Jennie Ireland, a sister, as beneficiary. Afterwards he married the defendant. The court said:

"One of the rules of the order, which was printed upon the back of the certificate, prescribed that any member desiring to make a new direction as to its payment might do so by authorizing such change in the form prescribed and printed upon the back of the certificate, to be attested by the recorder of the lodge, and reported to the grand recorder, paying fifty cents, surrendering the old certificate, and taking a new one. * * * What was needful to be done here, and what Mr. Ireland manifestly understood was needful, was to revoke the existing designation of the sister, and then make the designation of the wife. How this was to be accomplished the rules of the association instructed Mr. Ireland, and he had agreed to observe them. He sought to observe them. On the face of the certificate the sister remains the designated beneficiary. There was one way in which she could have been divested of her expectant interest. She insists that, since that way has not been observed, she has not been divested. It is plain that the association, bound by its contract to pay her, would have no answer to her demand."

Our conclusion, therefore, is that, the certificate having passed into the possession of the plaintiff, and the title thereto having vested in her for value, and she having thereafter paid the assessments to the defendant, who, through its subordinate council, had knowledge of these facts, it could not, in violation of its own laws, permit the husband, through spite and malice, fraudulently to deprive her of the rights in and to the certificate which she had thus secured.

The rights which the plaintiff secured in and to the certificate answer the further contention that by failure of the member personally to pay the assessment in June, 1892, he was suspended, and all rights under the certificate were lost. With knowledge of the relations between the plaintiff and her husband, the subordinate council had received from her the dues and assessments up to June; and it is admitted that from that time to the time of her husband's death she regularly tendered the amounts of all dues and assessments levied, which were refused simply upon the ground that the council had been requested by the husband not to receive them. This was not a contest between the member and the order, but was one between a member and his wife; and where, as here, the latter had secured for value rights in and to the certificate, she could not be deprived of them, in the absence of any law of the order which, regardless of her equities and legal rights, would destroy the validity

of the certificate. Nor could the husband deliberately make himself a member not in good standing so long as the plaintiff paid or tendered. The order, without objection, for a considerable time, had received moneys from her; and it was not, therefore, because no such right is given by its rules or laws, in a position to terminate arbitrarily her right to pay such assessments, and thus keep the certificate alive. We think that the beneficiary had the right to pay the dues and keep the certificate alive while the title and possession of the certificate was in her. Nor do we think that such title or possession was in any way impaired by the fact that it was originally secured pursuant to an agreement of separation which it is contended was, if not void, at least voidable; because prior to such agreement, and at the time the certificate was obtained, the plaintiff was named as the beneficiary, and she is not obliged to base her right of title upon the agreement assailed, but can predicate it upon the fact of her being the originally designated beneficiary, and upon the additional circumstance that for value its possession was subsequently delivered over to her, and that thereafter she made the payments until such time as the order refused to accept them from her.

In view, therefore, of both the equities and legal rights of the plaintiff in the certificate, we think that the direction of a verdict for the defendant was error, and that the exceptions should be sustained, and a new trial ordered, with costs to plaintiff to abide the event. All concur.