(57 App. Div. 558.)

## WEBSTER v. WELCH.

(Supreme Court, Appellate Division, Fourth Department.  January 8, 1901.)

INSURANCE — RIGHTS OF BENEFICIARY—VESTED INTEREST — CHANGE OF BENEFICIARIES—ESTOPPEL.
On the death of insured's wife, who was a beneficiary in two policies, for $2,000 each, in mutual benefit companies, the insured and plaintiff and defendant, who were his daughters, agreed that plaintiff should have one policy, and defendant the other; defendant to care for insured during his lifetime, and to have the benefit of prior assessments paid by plaintiff on the policy given to defendant.  New policies were issued, naming plaintiff and defendant as beneficiaries in their respective policies.  Subsequently the insured, through the influence of defendant, and by making a false affidavit that the policy issued in favor of plaintiff had been lost, secured the issuance of a new policy in place of it in

favor of defendant. *Held*, that defendant, having received $2,000 on the policy received by her under the agreement, was estopped from contesting the right of plaintiff to the other policy, since plaintiff had a vested interest in it, which could not be devested by the acts of insured and defendant.

Appeal from special term, Erie county.

Action by Nettie Webster against Stella M. Welch. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Albert G. Thorne and A. C. Harwick, for appellant.
Edward P. Field and F. R. Perkins, for respondent.

WILLIAMS, J. The action, as it was tried, was to determine the rights of appellant and respondent in a fund in the hands of the Supreme Council of Royal Templars of Temperance,—a mutual benefit insurance corporation. The action was brought to recover of the corporation the fund alleged to be due and owing from the corporation upon a certificate held by one Thomas Thompson, as a member, at the time of his death. The appellant was made a party defendant because she claimed to be the real beneficiary, and entitled to the fund, instead of the plaintiff (respondent). The corporation did not answer. It acknowledged its liability to pay the fund to the real beneficiary, and had no interest in the question, as to which of the parties was entitled to the fund. The trial court decided the plaintiff was entitled to the fund. The defendant (appellant) claims that decision was wrong, and this is the question we are to review. The appellant and respondent are sisters, and were the daughters of the deceased member, Thomas Thompson, and of his wife, Mercy A. Thompson. The deceased became a member of the defendant corporation December 24, 1879; the certificate being for $2,000, and his wife being the beneficiary then named therein. He also, in January, 1879, became a member of the Ancient Order of United Workmen, —another mutual benefit insurance corporation; the certificate being for $2,000, and his wife being also the beneficiary then named therein. Both these certificates were placed in the hands of the respondent at the time they were issued, and she retained the custody and control thereof until the death of the beneficiary, Mercy A. Thompson, on the 23d of March, 1896, and paid all the assessments thereon until that time; being on the former $355.70, and on the latter $388.10. The deceased had knowledge during all this time that the respondent had the certificates and was paying the assessments, and consented thereto and approved thereof. After the death of the beneficiary in the certificates, the two sisters, in the presence of the deceased, their father, had a talk, and agreed by parol, with the assent of the deceased, to the disposition of the two certificates; that is, that the appellant should have the United Workmen certificate, and the benefit of all the payments theretofore made thereon by the respondent ($388.10), and a new certificate should be issued, naming her as the sole beneficiary thereunder, and she should care for her father, the deceased, during his life, and the respondent should release all her interest in

that certificate, and the respondent should have the Royal Templars certificate, and the benefit of all the payments theretofore made thereon by her, and a new certificate should be issued, naming her as the sole beneficiary thereunder, and appellant should release all interest, if any she had, in that certificate. This agreement was carried out by the parties. The old certificates were surrendered, and new ones were issued, making the new beneficiaries, as agreed. These changes were made in 1896, soon after the death of the wife and mother. The deceased lived with the appellant thereafter until his death, which took place January 29, 1899; and the appellant after the death of her father received the full amount payable on the United Workmen certificate, which she took. March 26, 1897, the deceased, through an attorney, called upon the respondent for the Royal Templars certificate, notifying her that he wanted to make a change, so that the appellant and respondent should be the beneficiaries therein, sharing equally. The respondent refused to deliver the certificate. Thereafter, and on April 1, 1897, the deceased presented an affidavit to the Royal Templars corporation, representing the certificate held by the respondent as lost, and procured a new certificate, dated April 5, 1897, making the appellant and respondent both beneficiaries, sharing equally; and later (May 18, 1897) this last certificate was surrendered, and another one procured, being dated May 21, 1897, making the appellant the sole beneficiary. This certificate the appellant had at the death of the deceased, and the respondent retained and had at the death the certificate issued in January, 1896, in which she was named as the sole beneficiary. The defendant corporation paid to the deceased, during his lifetime, in August, 1897, $100, and in February, 1898, $100, and in August, 1898, $100, all of which ($300) was received by the appellant, and used by her in providing for deceased, who lived with her. The defendant corporation was notified by respondent of her possession and interest in the certificate of June, 1896, in which she was named as sole beneficiary, before it issued the certificates of April and May, 1897, to the appellant. The trial court found the facts herein stated, upon adequate evidence, and further found that the deceased procured the two certificates to be issued in 1897, and the defendant corporation issued such certificates, with the fraudulent purpose and intent of cheating and defrauding the respondent of her rights and interests in the certificate held by her, issued in 1896, and that the appellant received such certificates with the like purpose and intent. And then, upon the facts so found, the trial court decided, as matter of law, that the two certificates issued in 1897, in which appellant was named first as joint beneficiary with respondent, and then as sole beneficiary, were void; that the certificate issued in 1896, wherein the respondent was sole beneficiary, was and always remained valid and subsisting; and that she was entitled to recover the whole fund thereunder, and costs against the appellant.

There is authority for the proposition that the respondent acquired a vested interest in the certificate which she held, and that she could not be deprived of that interest by her sister or her father. In Smith v. Society, 123 N. Y. 87, 25 N. E. 197, 9 L. R. A. 616, it was held that

the provision of section 18, c. 175, Laws 1883, providing for the incorporation of co-operative life insurance societies, which declares that membership in such a society gives the member the right to make a change in his beneficiary without the consent of the latter, applied only when the original disposition is in the nature of an inchoate or unexecuted gift, and does not prevent a contract between the member and his beneficiary by which a vested right passes to the latter, and in such case without his consent the beneficiary may not be changed. The same doctrine was laid down, under section 12, c. 520, Laws 1889, in Maynard v. Vanderwerker (Sup.) 24 N. Y. Supp. 932. In Conselyea v. Supreme Council, 3 App. Div. 464, 38 N. Y. Supp. 248, affirmed without opinion in 157 N. Y. 719, 53 N. E. 1124, it was held the wife of a member, who, under an agreement of separation, had acquired the benefit of a certificate upon her promise to pay future assessments, which she paid, thereby acquired a vested interest in the certificate, of which her husband could not devest her. The question arose there by reason of the claim that the husband had, before his death, and after the agreement of separation, resigned his membership, failed to pay assessments, and had, therefore, ceased to be a member, and the certificate had become inoperative. The wife was the original beneficiary, and the court said, among other things:

"Our conclusion, therefore, is that the certificate having passed into the possession of the plaintiff, and the title thereto being vested in her for value, and she having thereafter paid the assessments to the defendant, who through its subordinate council had knowledge of these facts, it could not * * * permit the husband, through spite and malice, fraudulently to deprive her of the rights in and to the certificate which she had thus secured."

But, beyond this, we see no reason why the principle of estoppel is not applicable here, depriving the appellant of the right to question the respondent's interest in the certificate held by her, and to set up an interest in herself as the sole beneficiary under the certificate. In Kimball v. Lester, 43 App. Div. 27, 59 N. Y. Supp. 540, the question arose between the wife of the deceased member and a third party, who agreed to pay a judgment against the husband. The wife was the beneficiary named in the certificate, and, before the death of her husband, assigned her interest in the certificate to the third party. The husband assigned the certificate, also, to the same party, and consented to the assignment by his wife. These assignments were invalid under the rules of the corporation that issued the certificate, but the corporation made no defense in the action, took no part in the trial, had really no interest in the controversy, and it was held that the beneficiary, the wife, after the death of her husband, was estopped from questioning the validity of the assignments, as against the third party, who had paid the judgment against the husband on the faith of the assignments, unless she restored the moneys so paid by the third party. The only relief sought in that action was to hold the fund so far as to reimburse the third party for the moneys paid by him. The respondent here had had the custody of the two certificates since they were issued to the father. She had paid in assessments thereon $743.80. Then, when the mother, the beneficiary, died,

the two sisters made the agreement hereinbefore referred to,—the appellant to take one certificate, and support the father, and bear no part of the assessments already paid; the respondent to take the other certificate, and bear all the assessments on both certificates already paid; and each should release all claims or interest in the certificate taken by the other. This agreement was consented to by the father, the member, and the changes were made accordingly in the beneficiary under the certificates. The appellant has had the full benefit of this arrangement, had the full $2,000 under her certificate, and $300 under respondent's certificate (during the father's lifetime), and then sought by some influence over her father, who lived with her, and became infirm and blind before death, and through a change of the beneficiary under respondent's certificate, to take away from her sister the remaining $1,700 payable thereon. It seems to us a very proper case for the application of the principle of estoppel in aid of the principle that the respondent acquired a vested interest in the certificate held by her, which could not be devested by the father and member, acting under the influence of the appellant.

A correct conclusion was reached by the trial court, and the judgment appealed from should be affirmed, with costs. All concur.