MALBURG v. METROPOLITAN LIFE-INSURANCE CO.

1. LIFE INSURANCE—CHANGE OF BENEFICIARY.

The fact that a life-insurance policy provides that the production thereof by the company, and of a receipt in full, signed by any person furnishing proof satisfactory to the company that he or she is an executor or administrator, husband or wife, a relative by blood, or lawful beneficiary of the insured, shall be conclusive evidence that such sum has been paid to and received by the person entitled thereto, and the further fact that the policy is by its terms payable to "one of the persons" above described, do not obligate the company to change a beneficiary on the designation of another.

2. SAME.

Where the beneficiary in a life-insurance policy, the insured, and the latter's sister agree in writing, on a blank furnished by the company, reciting a valuable consideration, that the sister shall be substituted as beneficiary, and the sister thereafter pays the premiums, she acquires such an interest in the policy as cannot be devested by the act of the insured in designating a new beneficiary under a claim that the sister has failed to perform her agreement to support him.

Appeal from Wayne; Frazer, J. Submitted May 10, 1901. Decided July 10, 1901.

Bill by William H. Malburg, administrator of the estate of Albert T. Mandel, deceased, against the Metropolitan Life-Insurance Company and Anna Peltier, to determine the title to the proceeds of a policy of insurance. From a decree dismissing the bill, complainant appeals. Affirmed.

*Frank T. Lodge*, for complainant.

*John C. Tobias*, for defendant Peltier.

HOOKER, J. The complainant is an undertaker, and has a claim for the burial expenses of one Mandel, amounting to $128.33 and upwards, according to the bill.

The bill alleges that Mandel left no property, and that his only opportunity to obtain payment is through this proceeding, and that the Metropolitan Life-Insurance Company issued a policy for $1,000 upon the life of Mandel; that the premiums were paid by Mandel; and that, proofs of loss being made, it became the duty of the company to pay $1,000 in such manner and form as was dictated and directed by Mandel in his lifetime. It alleges further that Mandel died at the residence of one Louise Jungfer, an aunt, and, before his death, being anxious to repay her and to provide for his funeral expenses, he made a change of the beneficiary; that, when the policy was taken, his aunt, Mrs. Jungfer, with whom he lived, had been named as beneficiary, and when he left there it was assigned to his sister, on her agreement that she would furnish money to pay the premiums, and would take care of him, contribute to his support, and pay the expenses of his last sickness and funeral; that she refused to pay the premiums or to contribute to his support, and that Jungfer did these things; and that about the 23d day of March, 1900, he caused to be served on the company a notice directing it to change the beneficiary and make the policy payable to the estate of Mandel, instead of Anna Peltier, so that his creditors might be secured, whereby it became its duty to so pay it. It alleged further that the complainant had made application for letters of administration, and asked an order that the amount be paid to him. The answer of the company admits that $214 was due, admits suit by Anna Peltier, and expresses a willingness to pay that sum to such person as the court shall direct. Anna Peltier answered, denying the allegations of the bill. Her answer states that the policy was taken in 1892, when Mandel was 14 years old, by Mrs. Jungfer, who paid premiums for 5 years or more, and then voluntarily surrendered the policy, after which time Anna paid all premiums, and at the request of Mrs. Jungfer and Mandel the beneficiary was changed from Mrs. Jungfer to Anna Peltier, and that Mandel had no interest in the policy.

The learned circuit judge heard the proof and dismissed the bill.

Mrs. Jungfer testified that she paid premiums until Mandel left her house, when she assigned the policy to Anna on the express agreement that she should pay the expenses if he was sick, and his funeral expenses if he should die, and support him if sick, and that he lived at the house of the witness for eight months before his death, and she cared for and supported him, and paid his expenses, except doctors' bills. There was testimony that Anna had been requested by some gentlemen to transfer this policy to Mrs. Jungfer, and refused; also that she admitted that she had agreed to pay his expenses. Complainant testified that he performed the service at the request of Mandel's brother, on the promise that he should be paid from the insurance. His letters of administration were introduced. Anna Peltier testified that she herself paid all the premiums after the assignment, which was not made upon the agreement stated; that Mandel lived with her until about six months before his death, and left of his own free will; and that no attempt was made to change beneficiary until after he became sick and left her house. The collector of the company corroborated Mrs. Peltier in regard to the payment of premiums.

We are unable to find evidence that the company was under an obligation to consent to a change of beneficiary upon designation of another, though the policy obligates it to pay to one of the persons named in the fifth condition upon its back. This condition was:

" The production by the company of this policy, and of a receipt in full, signed by any person furnishing proof satisfactory to the company that he or she is an executor or administrator, husband or wife, a relative by blood, or lawful beneficiary of the insured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been fully satisfied."

The policy was assigned upon a blank furnished by the company, if the instrument can be called an assignment. It was, however, signed by Mandel, Jungfer, and Peltier, and contained the agreement, upon a valuable consideration, that Peltier should be substituted as beneficiary. Mrs. Peltier performed her promises, in part at least, and we think that she cannot be devested of her interest in this policy, under the facts shown. Whether she is liable for the services rendered is immaterial upon this record. The complainant is not entitled to the fund, and the decree dismissing the bill is affirmed.

The other Justices concurred.