ABRAHAM ZIES, an Infant, by DAVID ZIES, His Guardian ad Litem, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant, Impleaded with SAMUEL ULLMAN, Appellant.

First Department, January 13, 1933.

Lester Grossman of counsel [Jacob Brenner and Harry Brenner, attorneys], for the appellant.

David Ray Bernstein, for the respondent.

MARTIN, J.  The New York Life Insurance Company on June 9, 1925, issued a policy of life insurance for the sum of $5,000 on the life of Nettie Leavy, in which William Leavy, her husband, was named as beneficiary.  On November 11, 1928, after the death of William Leavy, the insured, Nettie Leavy, married the appellant Samuel Ullman.  On February 18, 1929, she changed the policy and named her husband, Samuel Ullman, as her beneficiary. On or about August 25, 1930, a short time before her death, which occurred on September 10, 1930, she again changed the policy and made her nephew, Abraham Zies, her beneficiary.  The infant, Abraham Zies, by his guardian ad litem, sued the New York Life Insurance Company to recover on the policy.  The insurance company paid the proceeds into court and interpleaded the appellant Samuel Ullman who also claimed to be entitled to the proceeds of the policy.  The case was tried and a judgment rendered for the plaintiff, from which judgment this appeal was taken.

The interpleaded defendant in his answer set up four defenses, also designated as counterclaims, all of which were dismissed.  The fourth defense and counterclaim is the subject of this appeal.  If it were properly pleaded, the judgment must be reversed for the reason that, if the defendant is able to establish the contract set forth, the appellant is entitled to the proceeds of the policy.

The fourth defense and counterclaim sets forth that the insured and the appellant entered into an agreement by the terms of which the insured agreed to make her husband, the appellant Samuel Ullman, the beneficiary of the policy in question, on condition that Ullman would take out and keep in force a policy of insurance on his life for the sum of $10,000 and make his wife, Nettie Leavy Ullman, his beneficiary.  It is then alleged that thereafter Ullman

fully performed the contract on his part to be performed and that the assured performed the contract on her part to be performed to the extent of changing the beneficiary and making the appellant Ullman her beneficiary. It is also alleged that, a short time before her death, Nettie Leavy Ullman changed the beneficiary without the knowledge or consent of the appellant Ullman.

We have, therefore, for our consideration, a question of law only, presented by the pleadings through the appellant's fourth defense and counterclaim. The defense and counterclaim having been dismissed at the opening of the trial, and the evidence to establish it having been excluded, we are not in a position to say whether the appellant Ullman will be able to prove the facts alleged therein. If the contract alleged in the fourth defense and counterclaim was made and performed to the extent alleged, the insured could not thereafter change the beneficiary.

A similar proposition was before the court in *Stronge* v. *Knights of Pythias* (189 N. Y. 346). The court held that if a contract was made for a valuable consideration to take out a certificate for the benefit of a creditor and the certificate was thereafter taken out and the consideration fully furnished by the beneficiary, the member would not be allowed to destroy the rights of his creditor by having a new certificate issued naming a new beneficiary.

The Court of Appeals in the case of *Smith* v. *National Benefit Society* (123 N. Y. 85) set forth the test to be applied where one wishes to change the beneficiary. It was there held that where the right of the payee has no other foundation than the bare intent of the member, revocable at any moment, there can be no vested interest in the named beneficiary any more than in the legatee of a will before it takes effect. The court then held that the transfer in that case was made as collateral security for an existing debt and that fact was brought to the knowledge of the defendant company which explicitly promised to pay the plaintiff in his character as creditor. It further held that the statute did not prevent the making of a contract between the parties by force of which a vested interest passed, and in that respect the case of *Hellenberg* v. *Dist. No. One, I. O. of B. B.* (94 N. Y. 580) was to be distinguished because there the designation was in the nature of an inchoate or unexecuted gift, revocable at any moment by the donor, and remaining wholly within his control.

When a vested interest has been acquired in a certificate one may not thereafter be deprived of that interest without consenting thereto. (*Webster* v. *Welch*, 57 App. Div. 558, 561.) (See, also, *Tidd* v. *McIntyre*, 116 App. Div. 602; *Columbian Circle* v. *Mudra*,

298 Ill. 599; 132 N. E. 213; *Malburg* v. *Metropolitan Life Ins. Co.*, 127 Mich. 568; 86 N. W. 1026; *Summers* v. *Summers*, 218 Ala. 420; 118 So. 912.)

The court held in *Conselyea* v. *Supreme Council* (3 App. Div. 464; affd., without opinion, 157 N. Y. 719) that the certificate having passed into the possession of the plaintiff and the title having vested in her for value, and she having thereafter paid the assessments to the defendant, who, through its subordinate council, had knowledge of these facts, it could not permit the husband, through spite and malice, fraudulently to deprive her of the rights in and to the certificate which she had thus secured.

In *Lahey* v. *Lahey* (174 N. Y. 146, at p. 153) the court said: " Therefore, the plaintiff was entitled to recover the full amount of the certificate unless the respondent can sustain her rights upon some other or different ground. She, however, contends that the right to change the beneficiary in a certificate, like every other valuable right, may be sold or transferred, and when transferred for a valuable consideration the insured loses the right to transfer it to others. (Citing *Webster* v. *Welch*, 57 App. Div. 561; *Smith* v. *National B. Soc'y*, 123 N. Y. 87; *Conselyea* v. *Supreme Council*, 3 App. Div. 464; affirmed, without opinion, 157 N. Y. 719.) In those cases it was held that the statute which gives to a member the right to make a change in the beneficiary without the consent of the latter, applies only when the original designation is in the nature of an inchoate or an unexecuted gift, and does not prevent a contract between the member and his beneficiary by which a vested right passes to the latter, and in such case, without his consent, the beneficiary may not be changed.

" The cases cited are clearly distinguishable from the case at bar in that in the former the beneficiary became such for a valuable consideration and the association issued a certificate to such beneficiary, while in this case, although the court has found that the mother paid a valuable consideration for a transfer of the certificate or a portion of its benefits, still no certificate was ever issued to her, nor was the certificate which was issued and made payable to the plaintiff ever canceled, so that she ceased to be a beneficiary under it."

If the original beneficiary was named pursuant to an agreement for which there was a valid consideration moving from him, in the absence of a statute to the contrary, he acquired an equitable interest which cannot be defeated without his consent. The defense here alleges that for a valuable consideration Ullman was made a beneficiary. If that be so, a change of beneficiary could not be made without the consent of Ullman. The change is alleged to

have been made without his knowledge or consent. By the terms of the contract set forth, all of the rights of the parties were fixed to such an extent that any attempt to afterwards change the beneficiary without the consent of the appellant Ullman was ineffective.

The plaintiff says that, in any event, the only right given to the appellant would be an action to recover damages for breach of contract, in which action he might recover damages against the estate of the insured. That is not the only remedy. The necessary parties are now all before the court in the present action in which the appellant has been interpleaded for the purpose of disposing of all the claims of the respective parties in one action.

The insurance company having paid the proceeds of the policy into court and interpleaded the only claimant in addition to the plaintiff, the entire controversy may now be disposed of at the trial.

In *Clark* v. *Mosher* (107 N. Y. 118) the court held that where in an action at law a third party, claiming to own the cause of action, has been brought in and substituted as defendant and the original defendant has been discharged, on payment into court of the amount of the demand in pursuance of the provisions of the Code of Civil Procedure (§ 820),* the action thereafter became an equitable one, triable by the court and neither party has a right to a trial by jury.

The judgment should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

The order denying the motion for judgment on the pleadings should be affirmed.

FINCH, P. J., O'MALLEY, SHERMAN and TOWNLEY, JJ., concur. Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. Order denying motion for judgment on the pleadings affirmed.

---

* See Civ. Prac. Act, § 287.— [REP.