MAE SALINAS, Plaintiff, *v.* JOSEPH SALINAS, JR., Defendant.

Supreme Court, Special Term, Bronx County, May 20, 1946.

*Louis Susman* for plaintiff.

*Paul O'Dwyer* for defendant.

SHIENTAG, J. The action is one brought to adjudge that the plaintiff is entitled to the proceeds of a certificate of insurance for $20,000 issued under a group policy by the Metropolitan Life Insurance Company on the life of one Joseph Salinas, an employee of General Motors Corporation.

The plaintiff is the widow of Joseph Salinas. She claims to be entitled to the proceeds of the certificate of insurance, under an agreement in writing with the deceased. She contends that her right to those proceeds is superior to the claim of the defendant Joseph Salinas, Jr., son of the deceased, whom the latter subsequently purported to make the beneficiary under the certificate, in violation, it is alleged, of his contractual obligation to the plaintiff.

Plaintiff and Joseph Salinas were married in 1926. On November 30, 1940, they entered into a separation agreement executed under seal. This agreement contained no reference to any insurance or insurance certificate. It provided in substance for the payment by the husband to the wife of the sum of $145 monthly which shall be " in full satisfaction of the husband's obligation for the maintenance and support of his said wife " and made provision for payment by the husband of reasonable expenses in connection with any serious illness which might be sustained by the wife. It recited that after careful consideration of the husband's financial standing the wife " deems the within settlement and adjustment fair and equitable and commensurate with her husband's ability to pay; that she has agreed to accept the arrangements herein set forth for her support and maintenance "; that the " wife shall not at any time make any claim or demand of any nature whatsoever upon the husband other than to enforce the terms herein agreed upon ".

The agreement further provided that it " shall not be modified or annulled except by written instrument signed, sealed and acknowledged in the same manner as this agreement has been executed "; and that the instrument " contains the entire agreement between the parties and there are no other understandings or agreements between them."

Simultaneously with the execution of the separation agreement a letter was addressed by Joseph Salinas to the plaintiff bearing date November 30, 1940, which is Exhibit 3 in the case. It was signed by Joseph Salinas and acknowledged by him before the same notary public who took the acknowledgment of the separation agreement. This letter reads as follows: " With respect to Group Policy No. 3200G — Serial No. Ex-447-A issued by the Metropolitan Life Insurance Company to employees of the General Motors Corporation wherein I hold a policy to the extent of Twenty Thousand ($20,000) Dollars, and wherein you are named as beneficiary of the policy issued to me, I hereby state that to date, I have made no change of designation of you as beneficiary and agree further that I shall make no assignment of such policy or change the beneficiary therein named, without your consent.

" This is to form part of the separation agreement this day entered into between you and me as if fully incorporated therein."

At the time of the separation agreement and this letter, the deceased, as an employee of General Motors Corporation, had issued to him the certificate of insurance for $20,000 to which reference has been made. The plaintiff, his wife, was named as beneficiary therein and the certificate was in her possession. The deceased, under the contract between his employer, General Motors Corporation, and the insurance company, had the right to change the beneficiary at all times by surrendering the certificate originally issued to him. The agreement, however, between the deceased and the plaintiff provided that he would not do so without her consent. A copy of this agreement was sent to the insurance company and placed in its files. The insurance company took the position in a letter addressed to the attorney for the plaintiff, dated December 9, 1940, that under the provisions of the contract of insurance, the employee's right to the insurance was not assignable. " The group contract and certificate give to the insured at all times the right to change his beneficiary. Therefore, we do not believe we would be in a position to deny such right to Mr. Salinas at some future date."

Some years after the execution of the separation agreement and the letter, Exhibit 3, above mentioned, and while the plaintiff was still in possession of the certificate bearing her name as beneficiary, the deceased stated to the insurance company that he had lost or mislaid his certificate. He requested a new one naming the defendant, his son by a former marriage, as beneficiary. Although a copy of Exhibit 3 was in its possession the insurance company, on January 19, 1945, issued the new certificate as the deceased requested, and this was done without the consent of the plaintiff. On this trial we are not concerned with the role played by the insurance company in connection with the purported change of beneficiary. It may have had the right to waive the production of the original certificate; it may have been obligated under the terms of the certificate to change the beneficiary therein as requested by the insured, notwithstanding its notice of the arrangement between the insured and his wife. We are concerned solely with the contractual obligation as between the deceased and the plaintiff, his wife, as that obligation affects the right to the proceeds of the certificate of insurance, which was in full force and effect at the time of the death of the insured, on October 31, 1945, while in the employ of General Motors Corporation.

Originally, this action was instituted against the defendant Joseph Salinas, Jr., General Motors Corporation and Metropolitan Life Insurance Company. The original complaint was dismissed against the General Motors Corporation. The Metropolitan Life Insurance Company applied to the court to be discharged from liability upon its paying to the Lawyers' Trust Company, to the credit of this action, the sum of $20,084.40, the amount payable under the certificate of insurance. This has been done and the life insurance company is eliminated as a defendant.

The separation agreement and the letter called Exhibit 3 constitute but one instrument. They were executed at the same time, they refer to the same subject matter, they are contemporaneous writings and should be considered and read together as one. This is especially true since the letter is, by its terms, specifically made a part of the agreement with the same force as if it were actually incorporated therein (*Matter of Com'rs of Wash'ton Park, Albany*, 52 N. Y. 131, 134; *Nau v. Vulcan Rail & Construction Co.*, 286 N. Y. 188, 197; *Empire Gas & Fuel Co. v. Stern*, 15 F. 2d 323, 326; *Positype Corporation v. Mahin*, 32 F. 2d 202, 204; cf. *Sattler v. Hallock*, 160 N. Y. 291, 297).

In any event, the parties had the right to modify the separation agreement "by altering, excising or adding provisions, regardless of self-imposed limitations, as the power to modify or alter cannot be controlled or fettered by any stipulation to the contrary in the original contract." (17 C. J., S., Contracts, § 373, pp. 857–858; 2 Williston on Contracts [1936 Rev. ed.], § 505A; *Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380, 387; *Wiener* v. *Compagnie Generale Transatlantique*, 61 F. 2d 893, 895; *Solomon* v. *Vallette*, 152 N. Y. 147, 151.) The letter was accepted and assented to by the plaintiff even though her signature does not appear thereon. A written agreement, although not signed by the parties, will, if orally assented to by them, constitute the agreement between them (*Dutch* v. *Mead*, 4 Jones & Sp. 427, affd. 59 N. Y. 628).

If the letter be deemed, as I believe it is, a part of the separation agreement, the clause in that agreement that it incorporates the entire understanding of the parties has no application; if the letter be considered a modification of the separation agreement, that clause likewise has no application, for the letter was signed a few minutes after the separation agreement had been executed. The fact that the letter was not under seal does not render it ineffective. The absence of a seal would be entirely without significance if it be assumed that the letter was actually incorporated in and made part of the separation agreement. Even if that were not so, the letter, which was signed and acknowledged by the decedent, clearly indicates a waiver of the requirement that it be under seal. (See Civ. Prac. Act, § 342, eff. Sept. 1, 1936, L. 1936, ch. 685; this provision was repealed by L. 1941, ch. 329, at which time a new Civ. Prac. Act, § 342, was adopted, which has no application to this case but which indicates the present trend. That section reads: "Except as otherwise expressly provided by statute, the presence or absence of a seal upon a written instrument hereafter executed shall be without legal effect.")

So far as consideration is concerned, the mutual promises and agreement to forbear constituted ample consideration for the separation agreement. If the letter (Exhibit 3) be deemed incorporated in and made part of that agreement, the same consideration that existed in connection with the separation agreement applies in the case of the letter. If the letter be deemed a modification at the time it was signed, the necessity for consideration no longer exists, under the provisions of subdivision 2 of section 33 of the Personal Property Law.

It is true that the original designation of the plaintiff as beneficiary in the certificate of insurance, issued on the life of her husband, created nothing more than a mere expectancy because the insured reserved the right to change his beneficiary. Here, however, the insured validly agreed that he would make no such change of beneficiary. The effect of such a valid agreement was that, upon the death of the insured, the plaintiff became entitled to the insurance money (*Locomotive Eng. Mut. L. & A. Ins. Assn.* v. *Locke*, 251 App. Div. 146, 148). In *Royal Arcanum* v. *Behrend* (247 U. S. 394, 399) BRANDEIS, J., said: '' In the absence of a special provision of law or of a rule of the association to the contrary, the naming of a person as beneficiary in the benefit certificate of a fraternal benefit association confers not a vested right, but an expectancy merely which may be defeated at any time by act of the insured member. A different case is presented where the insured has contracted with the beneficiary that he shall remain such.'' (See, also, *Stronge* v. *Knights of Pythias*, 189 N. Y. 346, 351; *Conselyea* v. *Supreme Council*, 3 App. Div. 464, 469–470, affd. 157 N. Y. 719; *Shoudy* v. *Shoudy*, 55 Cal. App. 344; *Chaffee* v. *Locomotive Engineers' Mut. Life & Acc. Ass'n*, 67 F. 2d 279, 281.)

The defendant claims that the only remedy which the plaintiff may assert is by action at law against the estate of the decedent for breach of his contract not to change the beneficiary. The Metropolitan Life Insurance Company having been discharged by way of interpleader upon payment of the money into court, the action has become an equitable one, no matter what it may have been originally, and is triable by the court without a jury (*Zies* v. *New York Life Ins. Co.*, 237 App. Div. 367). The plaintiff is not limited to an action at law for breach of contract not to change the beneficiary. The plaintiff is entitled in this action to the proceeds of the certificate of insurance, and her rights are superior to the claims of a later beneficiary, though as between insurer and insured there is a reservation of the right to change the beneficiary at any time (*Chaffee* v. *Locomotive Engineers' Mut. Life & Acc. Ass'n, supra*). In *Zies* v. *New York Life Ins. Co.* (*supra*, p. 371) the court said: '' The plaintiff says that, in any event, the only right given to the appellant would be an action to recover damages for breach of contract, in which action he might recover damages against the estate of the insured. That is not the only remedy. The necessary parties are now all before the court in the present action in which the appellant has been interpleaded for the purpose of disposing of all the claims of the respective parties in one action.

" The insurance company having paid the proceeds of the policy into court and interpleaded the only claimant in addition to the plaintiff, the entire controversy may now be disposed of at the trial."

Objection was taken by the defendant to the admission of certain conversations alleged to have been had by the plaintiff with her husband, Joseph Salinas, the deceased, after the execution of the separation agreement and the letter, on the ground that plaintiff was incompetent to testify thereto under the provisions of section 347 of the Civil Practice Act. The testimony was competent (*Ward* v. *N. Y. Life Ins. Co.*, 225 N. Y. 314). However, the testimony objected to was without special significance and I have given it no weight in arriving at a conclusion in this case. It is the documentary evidence, and that evidence alone, that has governed.

Judgment for the plaintiff; twenty days' stay of execution and thirty days to make a case.

The foregoing constitutes the decision of the court. Settle judgment in accordance therewith.