Per Curiam.

The separation agreement and the letter, both dated February 15, 1947, and both executed at the same time, referred to the same subject matter, are contemporaneous writings and are to be considered and read together as one (Salinas v. Salinas, 187 Misc. 509). However, the stipulation dated May 10, 1950, signed by the plaintiff, settling a previous case based upon differences between the parties in connection with the separation agreement, which stipulation was made in open court and approved and signed by the Justice then presiding, bars any recovery by the plaintiff based on her first cause of action.
However, the order denying appellant’s motion to strike out costs taxed in favor of defendant and for costs in her favor as the prevailing party was improper. The fact that plaintiff was granted summary judgment in connection with her second cause of action makes her the prevailing party and the dismissal of her first cause of action, after trial of the issues, does not change her status as the prevailing party. That order should, therefore, be reversed.
The judgment appealed from should be affirmed, with $25 costs. The order appealed from should be reversed, and motion granted.
Edeb, Hecht and Tilzeb, JJ., concur.
Judgment affirmed, etc.