Maude E. SCHLEMMER, Appellant,

v.

**PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY and County of Los Angeles, Dept. of Charities, Appellees.**

No. 19390.

United States Court of Appeals
Ninth Circuit.

Aug. 13, 1965.

Rehearing Denied Oct. 14, 1965.

Michael F. Dillon, Los Angeles, Cal., for appellant.

Harold W. Kennedy, County Counsel, William F. Stewart, Deputy County Counsel, Los Angeles, Cal., for appellees.

Before BARNES, DUNIWAY, and ELY, Circuit Judges.

ELY, Circuit Judge:

In the court below, Provident Life and Accident Insurance Company filed a Complaint for Interpleader, praying for a determination as to which of two opposing claimants was entitled to the proceeds for which it was obligated under a life insurance contract. The Complaint was filed under the authority of the Federal Interpleader Act, 28 U.S.C. § 1335. The plaintiff insurance company is a Tennessee corporation and the contesting claimants are Maude Schlemmer, an Ohio citizen, and the Department of Charities of Los Angeles County, California. Since the requisite diversity of citizenship existed, and since the amount in controversy exceeded $500, the district court properly entertained jurisdiction. Judgment was entered in favor of the Department of Charities, and Schlemmer's appeal to this court is taken under the authority of 28 U.S.C. § 1291.

The proceeds of the life insurance policy became payable upon the death of Charles R. Aker, an employee of the Los Angeles Metropolitan Transit Authority. From time to time, this employer had entered into group life insurance contracts under which its employees were the insureds. In 1954, its contract was with Aetna Insurance Company, and on December 15th of that year, Aker, who had received or expected to receive medical services from the County of Los Angeles, Department of Charities, executed a form for change of beneficiary. In this document, Aker designated the County of Los Angeles, Department of Charities, as creditor beneficiary to the extent of the unpaid balance of whatever obligation for medical services Aker might owe to the Department of Charities at the time of his death. All of the parties stipulated that Aker executed the form for change of beneficiary "In consideration for charitable aid and medical care then or thereafter to be rendered * * *". The executed form contained certain significant language as follows:

"The foregoing designation of beneficiary shall extend to any insurance which may be in effect on my life *in replacement of my insurance under said group Contract(s)*.
* * *

I hereby agree not to make any change in beneficiary which will affect the interest of said creditor beneficiary without the written consent of said creditor, * * *."
(Emphasis added)

On June 1, 1960, Aker's employer entered into a group life insurance contract with another carrier, Prudential Life Insurance Company of America. In his policy under the contract with this company, Aker, without the consent of the Department of Charities, designated appellant Schlemmer as the beneficiary. Thereafter, on June 1, 1962, Aker's employer again changed its group life insurance carrier, at that time entering into a contract with Provident Life and Accident Insurance Company, plaintiff below. In his policy with this company also, Aker, again without the consent of the so-called "creditor beneficiary", designated appellant Schlemmer as the sole beneficiary.

At the time of his death on November 23, 1962, Aker was indebted to the Department of Charities, for medical services rendered, to the extent of $1749.22. Appellant Schlemmer challenges the district court's judgment which awards to the Department, from the proceeds of the Provident policy, the amount of the indebtedness. She contends that the agreement evidenced by the execution of the change of beneficiary form, at the time when Aetna Insurance Company was the group carrier, was a part of the contract which existed between Aker's employer and Aetna. She follows this contention with the position that when Aetna ceased to be the carrier, there was no longer a contract under which the Department held any right directly to claim an interest in life insurance benefits. She urges that if the Department of Charities has a right, it is a right, not to claim a portion of the money derived from the life insurance benefit, but only to assert a claim against the estate of Aker for Aker's alleged breach of contract in designating a new beneficiary without the consent of the Department of Charities.

■ The question as to whether the Provident insurance policy in effect on the date of Aker's death was a "replacement" of the life insurance policy which he held with Aetna was resolved by stipulated fact number IV, which reads,

> "Both the policy of June 1, 1960, with Prudential Insurance Company of America and policy No. R–340–L–3556 of June 1, 1962, with Provident Life and Accident Insurance Company are in replacement of the original group life insurance policy taken out with Aetna Life Insurance Company by the Los Angeles Metropolitan Transit Authority for their employees, including Charles R. Aker; both the aforesaid group life insurance policies are in replacement of the life insurance policy on the life of Charles R. Aker in which he named the County of Los Angeles, Department of Charities as creditor beneficiary in a Change of Benefici-

ary executed by him on December 15, 1954."

When parties have entered into stipulations as to material facts, our duty is to treat such facts as having been established by the clearest proof. Gambill v. United States, 276 F.2d 180, 181 (6th Cir. 1960). "The power of the court to act upon facts conceded by counsel is as plain as its power to act upon evidence produced." Best v. District of Columbia, 291 U.S. 411, at 415, 54 S.Ct. 487, at 489, 78 L.Ed. 882 (1934).

■ We do not agree that the Department of Charities, having fully performed its obligations under the contract which created its interest, should be limited in its attempt to gain relief to an action against Aker's estate for his alleged breach of his contract. The specified and expected consideration for the Department's performance of its contractual obligations was its creditor's share of the principal sum of the life insurance policy. The Department acquired a right to its creditor's share of the proceeds, if any, which would have become payable by Aetna had its policy remained effective until the date of Aker's death. See Phoenix Mut. Life Ins. Co. v. Birkelund, 29 Cal.2d 352, 175 P.2d 5 (1946); Waxman v. Citizens Nat'l. Trust & Sav. Bank, 123 Cal.App.2d 145, 148, 266 P.2d 48 (1954). Under the stipulation, the Provident policy was, in its relation with the Aetna policy, a "replacement"; therefore, it cannot be said that the Department had, by the unilateral and contractually violative acts of Aker, been divested of all right to assert a direct claim against the insurance benefits. Whatever may have been the quality of this right as between the Department and Provident, it was, in the interpleader action, superior to the claim of the substituted beneficiary.

■ An interpleader action is directed to the equitable jurisdiction of the court. State of Texas v. State of Florida, 306 U.S. 398, 405–412, 59 S.Ct. 563, 83 L.Ed. 817 (1939). Sitting as a court in equity in an interpleader action, with all

interested parties before it and with the facts undisputed, the district court, in our opinion, properly applied the law to achieve justice and to avoid unnecessary litigation. In Salinas v. Salinas, 187 Misc. 509, 62 N.Y.S.2d 385, at page 391 (1946), aff'd, 271 App.Div. 917, 67 N.Y.S. 2d 692; 296 N.Y. 1061, 73 N.E.2d 121 (1947), we find the following language:

"The defendant claims that the only remedy which the plaintiff may assert is by action at law, against the estate of the decedent, for breach of his contract not to change the beneficiary. The Metropolitan Life Insurance Company having been discharged by way of interpleader upon payment of the money into court, the action has become an equitable one, no matter what it may have been originally, and is triable by the court without a jury. Zies v. New York Life Ins. Co., 237 App.Div. 367, 261 N.Y.S. 709. The plaintiff is not limited to an action at law for breach of contract not to change the beneficiary. The plaintiff is entitled in this action to the proceeds of the certificate of insurance, and her rights are superior to the claims of a later beneficiary, though as between insurer and insured there is a reservation of the right to change the beneficiary at any time. Chaffee v. Locomotive Engineers' Mutual Life & Accident Ins. Ass'n [67 F.2d 279 (10th Cir. 1933)] supra. In Zies v. New York Life Ins. Co., supra, the court said 237 App.Div. at page 371, 261 N.Y.S. at page 713:

'The plaintiff says that, in any event, the only right given to the appellant would be an action to recover damages for breach of contract, in which action he might recover damages against the estate of the insured. That is not the only remedy. The necessary parties are now all before the court in the present action in which the appellant has been interpleaded for the purpose of disposing of all the claims of the respective parties in one action.

'The insurance company having paid the proceeds of the policy into court and interpleaded the only claimant in addition to the plaintiff, the entire controversy may now be disposed of at the trial.' "

The foregoing clearly supports our opinion that the district court committed no error. Its judgment is Affirmed.