Filed 4/29/16  Marriage of Bradford CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of DENISE BRADFORD and MARK BRADFORD. | |
| DENISE BRADFORD,<br><br>     Appellant,<br><br>          v.<br><br>MARK BRADFORD,<br><br>     Respondent. | G050650<br><br>(Super. Ct. No. 09D005163)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Glenn R. Salter, Judge.  Reversed.

The Law Offices of Saylin & Swisher, Brian G. Saylin and Lindsay L. Swisher for Appellant.

Thomas Vogele & Associates, Thomas A. Vogele and Timothy M. Kowal for Respondent.

# INTRODUCTION

In disagreement on nearly every issue, divorcing spouses Mark and Denise Bradford have had – so far – two bench trials to resolve their dissolution issues. The first trial dissolved the marriage and allocated support and child custody. The second trial dealt with the distribution of various assets. The second trial is the subject of this appeal.

Before the second trial, the parties commendably found some things they could agree upon and stipulated to a number of issues. Among them was a stipulation that certain retirement account withdrawals made by Mark between June 2009 – when Denise filed for divorce – and April 2010 – when Mark moved out of the family home – were to be treated as "post separation."

The trial court accepted the stipulation, but then, at the conclusion of the trial, ruled that since the parties had in fact not separated until April 2010, the retirement account withdrawals were preseparation. This holding is the basis of Denise's appeal. She asserts the court was without power to find contrary to the parties' stipulation that the withdrawals were made postseparation.

Mark contends Denise's appeal is untimely, arguing, in essence, that the proposed judgment he submitted to the trial court – which the court signed and entered – was meaningless. We cannot agree. We believe that was the final judgment in this case, and we conclude Denise's notice of appeal was timely filed. We therefore deny Mark's motion to dismiss.

We also conclude Denise is right about the separation. A trial court cannot accept a stipulation at the beginning of a trial, try the case on that basis, and then reject the stipulation when it makes its decision. Accordingly, we reverse the judgment to the extent it is based on a determination that the withdrawals from Mark's retirement account were preseparation.

2

**FACTS**

Denise filed for dissolution of her marriage to Mark on June 5, 2009. A trial took place in April 2011, and a judgment was entered on some issues in June 2011. A second trial on the reserved issues was held on July 24, 2013. The parties stipulated pretrial to a number of issues, one of which was that Mark had made three withdrawals from his retirement accounts. All three withdrawals took place after Denise filed for divorce in June 2009 and before April 2010. The stipulation stated these withdrawals were "post separation." The stipulation became a court order on the first day of trial.

The parties submitted posttrial briefing, and the court took the matter under submission on August 23. The court issued its ruling by minute order on September 3, 2013, and the order was entered into the court's docket on that date. The minute order reserved jurisdiction to decide two issues: (1) the distribution of proceeds from a wrongful termination lawsuit, then property of Mark's bankruptcy estate; and (2) attorney fees. No one asked for a statement of decision.

But on October 24, Denise filed a "Request for Clarification of Court's Ruling by Minute Order Dated September 3, 2013." She sought "clarification" of four issues, including "date of separation" and "whether [Mark] withdrew Retirement funds pre or post separation." At the hearing on the motion, which took place on February 3, 2014, the court asked her counsel for the legal authority for the request, and he responded it was a motion for reconsideration under Code of Civil Procedure[1] section 1008. With that understanding, the court ruled it untimely.

Mark's counsel then stated he had prepared a proposed judgment, and if Denise thought there was something wrong with the September 3 minute order, she should take it up on appeal. The court offered to "let this thing sit" for a month to see

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

whether the parties could resolve their differences. They could not, so the court ruled in April 2014, denying the motion procedurally and on the merits. Mark's counsel then submitted the proposed judgment, which was filed and entered on July 7, 2014. Attached to the judgment was an abbreviated version of the rulings from September 2013.

## DISCUSSION

Mark and Denise have each submitted an issue for decision. Mark asserts Denise's appeal should be dismissed as untimely. Denise asserts the court erred in choosing a date of separation in April 2010, that the actual date was in June 2009, and the parties had so stipulated before trial. She further asserts she was deprived of due process because the court surprised her by ruling the parties did not separate until April 2010, and therefore the retirement account withdrawals were made before separation, not after.

## I. Motion to Dismiss Appeal

The central issue of Mark's motion to dismiss the appeal is how to characterize the ruling issued by the trial court on September 3, 2013. If it was an appealable order, then Denise's notice of appeal is untimely by a wide margin. If it was, as Denise now maintains, a tentative decision, not finalized until a judgment was entered on July 7, 2014, then the notice of appeal is timely.

California Rules of Court,[2] rule 3.1590(a) provides: "On the trial of a question of fact by the court, the court must announce its tentative decision by an oral statement, entered in the minutes, or by a written statement filed with the clerk. Unless the announcement is made in open court in the presence of all parties that appeared at the trial, the clerk must immediately serve on all parties that appeared at the trial a copy of the minute entry or written tentative decision." Subdivision (b) provides that the tentative decision is not a binding judgment. Subdivision (c) provides: "The court in its tentative

___

[2] All further rule references are to the California Rules of Court.

decision may: [¶] (1) State that it is the court's proposed statement of decision, subject to a party's objection under (g); [¶] (2) Indicate that the court will prepare a statement of decision; [¶] (3) Order a party to prepare a statement of decision; or [¶] (4) Direct that the tentative decision will become the statement of decision unless, within 10 days after announcement or service of the tentative decision, a party specifies those principal controverted issues as to which the party is requesting a statement of decision or makes proposals not included in the tentative decision."

Although the minute order of September 3, 2013, could be viewed as final, we must conclude it had to be a tentative decision. Nothing else in the record satisfies the requirement that the court issue a tentative decision after a bench trial. We note that Denise treated the minute order as final; she did not request a statement of decision, as she would if she were dissatisfied with a tentative decision (see rule 3.1590(d)); she moved instead for reconsideration under section 1008. Section 1008 applies to "orders," not to tentative decisions. Nevertheless, we do not believe a court may dispense with the mandate of rule 3.1590 and simply omit the tentative decision altogether. Too many events rely on issuing a tentative decision as a first step to condone foregoing compliance with the rule.

The court had the ability under rule 3.1590(c)(4) to convert the tentative decision to the statement of decision or under subdivision (h) to prepare a proposed judgment 20 days after serving the minute order. Instead, the case languished for months in the hope of settlement until judgment was finally entered in July 2014 – as submitted by Mark, who now asserts that it was, in essence, meaningless.

We disagree. For the reasons outlined above, we conclude the judgment in the case was the one submitted by Mark's counsel and signed in July, 2014. Denise's notice of appeal was timely filed. The motion to dismiss the appeal is denied.

5

**II.**         **Date of Separation**

Denise has asserted only one error. She contends the trial court ignored a pretrial stipulation between Mark and her that certain withdrawals from his retirement accounts were made postseparation. Both parties testified that, even though Denise petitioned for divorce in June 2009, Mark did not move out of the family home until April 2010.

Denise argues on appeal that the court had no authority to ignore the parties' stipulation regarding the nature of the withdrawals. Doing so, she claims, resulted in "surprise" and denied her due process of law. Had she (or her attorney) known the date of separation was going to be an issue, the trial would have been conducted differently. Denise would have known it was her burden to establish that the retirement funds were *not* used for community purposes, instead of relying on an assumption, drawn from the stipulation, that it was Mark's burden to establish the funds *were* used for community purposes. (See *State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610-611.) Certainly she had no way of anticipating that the trial court would jettison the stipulation already agreed upon and accepted by the court.

"'When parties have entered into stipulations as to material facts, [the court's] duty is to treat such facts as having been established by the clearest proof.'" (*T & O Mobile Homes, Inc. v. United California Bank* (1985) 40 Cal.3d 441, 451, fn. 11, quoting *Schlemmer v. Provident Life & Acc. Ins. Co.* (9th Cir. 1965) 349 F.2d 682, 684; see *Cotton v. StarCare Medical Group, Inc.* (2010) 183 Cal.App.4th 437, 443-444 [stipulation binding on court unless contrary to law, public policy or court rule].) Both Mark and Denise stipulated before the trial that the withdrawals from Mark's retirement accounts were made postseparation, and the court had to either reject the stipulation or accept this fact as having been established by the clearest proof. The trial was conducted in reliance on the stipulation, and the court could not thereafter disregard it. (See *Estate of Howe* (1948) 88 Cal.App.2d 454, 458-459.) When the entire play has been based upon

6

Claudius having poisoned King Hamlet, a ruling in Act V that he died of natural causes ruins the production.

## DISPOSITION

The motion to dismiss the appeal is denied. The judgment is reversed in part. The trial court is directed to enter a new judgment on the "Retirement Funds" issue, based on the withdrawals from Mark's retirement accounts having occurred postseparation. The parties are to bear their own costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.