■ Roy Ehrlich et al., Appellants, v. Natalie Cohn et al., Respondents. — Judgment, as amended, unanimously reversed, with costs to the plaintiffs as against defendant Natalie Cohn. The claim of Natalie Cohn is dismissed. Judgment is ordered directing New York Life Insurance Company to pay the sum of $5,000 each to the plaintiffs Roy Ehrlich and Robert Cohn. The designations of plaintiffs, sons of the insured — as equal beneficiaries in lieu of their support — were made pursuant to a separation agreement entered into between their parents, the deceased insured and his first wife. At the time the beneficiaries were minors and the insured agreed to keep the insurance in force so long as he was financially able. Thus there resulted an agreement supported by a valid consideration under which the plaintiffs acquired an equitable interest. This precluded any change of rights of the beneficiaries without their consent so long as the policy was extant (*Stronge* v. *Knights of Pythias*, 189 N. Y. 346; *Locomotive Engineers Mut. Life & Acc. Ins. Assn.* v. *Locke*, 251 App. Div. 146, affd. 277 N. Y. 584; *Zies* v. *New York Life Ins. Co.*, 237 App. Div. 367; *Salinas* v. *Salinas*, 187 Misc. 509, affd. 271 App. Div. 917). The policy was in full force and effect at the time of the demise of the insured on July 6, 1954. The intervening change of financial status of the insured in nowise invalidates the change of beneficiary to Natalie Cohn — the second wife of the insured — and the change of the method of payment attempted by the insured on June 3, 1954. Both plaintiffs appealed from the amended judgment by notice of appeal dated November 21, 1955. The appeal of Roy Ehrlich from part of the original judgment is dismissed since the issues raised by that appeal are disposed of herein. Settle order on notice. Concur — Breitel, J. P., Botein, Cox, Frank and Valente, JJ.

■ The People of the State of New York, Respondent, v. Atlas Securities Corporation and Ronald Sugden Tilley, Appellants, et al., Defendant. — Judgment against defendants Atlas Securities Corporation and Tilley modified to amend the findings of fact to include the statement that defendants knew of the insolvency of the defendant corporation when the alleged transactions were entered into, and, with respect to defendant Tilley, to limit the judgment to conform with the proposed judgment to which he consented, and is otherwise affirmed in all respects, without costs to either party against the other. It is clear from the record that the People sustained their burden of proof that defendants knew of the insolvency of the corporation when the transactions were entered into. Moreover, the only issue on the trial, by agreement of the parties, was that of insolvency. There was sufficient in the record to warrant the conclusion that defendant Tilley's participation in the trial extended no further than to consent to the form of judgment which had been proposed in the course of settlement. This consent was accepted by the People. Concur — Breitel, J. P., Botein, Frank and Valente, JJ.; Cox, J., dissents only insofar as the modification limits the judgment as against Tilley but otherwise concurs in the modification. Settle order on notice.

■ The People of the State of New York, Respondent, v. Atlas Securities Corporation et al., Defendants, and Ronald Sugden Tilley, Appellant. — Appeal, having become academic by virtue of the decision of this court in *People* v. *Atlas Securities Corp.* (*supra*), decided herewith, is dismissed. Concur — Breitel, J. P., Botein, Cox, Frank and Valente, JJ.

■ Sol Becker, Appellant, v. City of New York, Respondent. — Judgment affirmed, with costs. No opinion. Concur — Botein, Cox, Frank and Valente, JJ.; Breitel, J. P., dissents and votes to reverse and grant a new trial on the authority of *Liubowsky* v. *State of New York* (260 App. Div. 416, affd. 285 N. Y. 701); *Robison* v. *State of New York* (263 App. Div. 240); Court