MARY SIMONDS, Respondent, v REVA B. SIMONDS, Individually and as Executrix of Frederick L. Simonds, Deceased, Appellant.

Fourth Department, July 12, 1977

*Philip D. O'Donnell* for appellant.

*Carl G. Scalise* for respondent.

SIMONS, J. This action is brought by a former wife of Frederick L. Simonds, now deceased, to impose a constructive trust on proceeds of insurance policies on his life which are payable to defendants.

Plaintiff and decedent were divorced on March 31, 1960 and decedent subsequently married defendant Reva B. Simonds on May 26, 1960. Defendant Gayle Simonds is the child of decedent's second marriage. On March 9, 1960, plaintiff and decedent executed a separation agreement which was later incorporated into the divorce decree. Paragraph B of the agreement provided: "The husband agrees that he will keep all of the policies of Insurance now in full force and effect on his life. Said policies now being in the sum of $21,000 and the Husband further agrees that the Wife shall be the beneficiary of said policies in an amount not less than $7,000.00 and the Husband further agrees that he shall pay any and all premiums necessary to maintain such policies of Insurance and if for any reason any of them now existing the policies shall be cancelled or be caused to lapse. He shall procure additional Insurance in any amount equal to the face value of the policies having been cancelled or caused to lapse." (Punctuation in original.)

The policies referred to in the contract lapsed and subse-

quently decedent acquired three additional life insurance policies. Two of these new policies were payable to defendant wife and had a value at his death of $50,138.83. The third was payable to his daughter, Gayle, and had a value at his death of $5,566.00. One policy payable to defendant wife and the policy payable to Gayle were acquired in 1962 by the decedent, apparently by private purchase. The other, payable to defendant wife, was a group life policy and was acquired at his place of employment when decedent changed jobs in 1967. Presumably, it was a term policy.

Decedent died on August 1, 1971 and the proceeds of these three policies were paid to defendants. Plaintiff brought this action to recover $7,000 and other relief. Special Term granted her motion for partial summary judgment for $7,000 plus interest and imposed a constructive trust in favor of plaintiff upon the proceeds of the 1962 policy in the hands of the defendant, Reva B. Simonds. Since this policy was sufficient to satisfy plaintiff's claim, Special Term dismissed the action against Gayle and no cross appeal has been taken from that order of dismissal.

We are asked to determine whether plaintiff had a vested interest in this subsequently acquired policy and, if so, whether the court may impose a constructive trust in her favor upon the proceeds. Defendant contends that we may not, because the policy was not one of the original policies in which plaintiff acquired a vested right but new insurance (cf. *Locomotive Engineers Mut. Life & Acc. Ins. Assn. v Locke,* 251 App Div 146, affd 277 NY 584) and because she has not been guilty of any wrongdoing. It is her contention that plaintiff is limited to a legal action against the estate for breach of contract. The issue is an exceedingly practical one, for it appears from the record that although the decedent left this insurance on his life and other jointly owned assets, his estate is insolvent.

Normally, one who purchases a life insurance policy and pays the premiums may change the beneficiary at will if he retains that right under the terms of the policy (see *Greenfield v Massachusetts Mut. Life Ins. Co.,* 253 App Div 51). However, the separation agreement between plaintiff and decedent contained mutual promises and agreements to forbear which constituted legal consideration and created a vested right in plaintiff to the extent of $7,000 in the insurance policies on decedent's life, notwithstanding any right which he possessed

to change the beneficiary under the terms of the policies. After the execution of the separation agreement, the designation of plaintiff as beneficiary became irrevocable and could not be ˙changed without her consent *(Stronge v. Knights of Pythias,* 189 NY 346; *Salinas v Salinas,* 187 Misc 509, affd 271 App Div 917; see, also, *Locomotive Engineers Mut. Life & Acc. Ins. Assn. v Locke, supra,* p 149; *Erlich v Cohn,* 1 AD2d 1004; and see *Thomson v Thomson,* 156 F2d 581, cert den 329 US 793; *Chaffee v Locomotive Engineers' Mut. Life & Acc. Ins. Assn.,* 67 F2d 279; 4 Couch, Insurance 2d, §§ 27:64, 27:66).

There is limited authority available on the subject which holds that if the insurer has paid over the proceeds to the substituted beneficiary, a plaintiff may proceed directly against the substituted beneficiary and obtain relief by way of a constructive trust *(Lengel v Lengel,* 86 Misc 2d 460; and see *Richards v Richards,* 58 Wis 2d 290; *Cramer v Biddison,* 257 Cal App 2d 720). If equity will aid one in plaintiff's position to reach the proceeds of an insurance policy in which she has a vested equitable interest while the proceeds are still held by the insurance company, or after they have been paid into court by way of interpleader (and it will [see *Salinas v Salinas, supra; Zies v New York Life Ins. Co.,* 237 App Div 367]), then we see no reason why plaintiff may not proceed directly against a beneficiary who has wrongfully received the proceeds.

In this case, however, the original policies subject to the agreement no longer existed at the time of decedent's death. They had lapsed and had been replaced by substituted policies, as the decedent agreed they would be. But contrary to the decedent's agreement, the beneficiary had been changed. Because the original policies were no longer in existence, defendant contends that relief by use of a constructive trust is improper because there is no *res* against which a trust may be imposed. But, this argument misapprehends the nature of constructive trusts.

A constructive trust is not a trust at all in the substantive sense of the word. It is a remedial device created by the court to compel a person who holds legal title to property subject to an equitable duty to convey to another, to do so because he would be unjustly enriched if he were permitted to retain the property. The defendant is not compelled to convey the property because he is a trustee; he is a trustee because the court determines that he has an equitable duty to convey it (Re-

statement, Restitution, § 160, Comments *a, c)*. In frequently quoted language, Judge CARDOZO explained that "[a] constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee *(Moore v. Crawford,* 130 U.S. 122, 128; Pomeroy Eq. Jur., § 1053)" *(Beatty v Guggenheim Exploration Co.,* 225 NY 380, 386). Since a constructive trust is only a remedial device fashioned by equity to right a wrong, formal requirements of substantive trust law necessarily need not be found before a court may grant relief (see *Butler v Attwood,* 369 F2d 811, 817-820).

Of course decedent might have defeated plaintiff's remedy here by allowing these insurance policies to lapse without replacing them. She would then have possessed no alternative except a contract action against the estate (see *Ruckenstein v Metropolitan Life Ins. Co.,* 263 NY 204; *Frey v Feller,* 127 NYS2d 302). However, decedent replaced the lapsed policies, not in the principal amount of the original policies, $21,000, but with new insurance having a face value in excess of $55,000, and the equitable rights of plaintiff attached to those replacement policies as decedent had agreed they would and as the divorce decree ordered that they should (see *Dixon v Dixon,* 184 So 2d 478 [Fla Dist Ct of App] cert den 194 So 2d 897; contra *Larson v Larson,* 226 Ga 209; *Rindels v Prudential Life Ins. Co. of Amer.,* 83 NM 181).[1] For purposes of restitution, the necessity of a *res, if a res* is required, is easily satisfied by tracing these life insurance proceeds, specifically promised to plaintiff, into the hands of defendant.

Defendant concedes the existence of the policies, the execution of the separation agreement and the validity of the decree enforcing it. By the terms of the contract and decree, plaintiff acquired equitable rights in the prior policies and their replacements and the only issue remaining is whether a constructive trust may be imposed upon $7,000 plus interest from the proceeds of those policies now in defendant's hands.

It is frequently said that the remedy of constructive trust is

1. We distinguish cases in which an insured purchases a new policy with misappropriated funds, specifically with the cash surrender funds on the lapsed policy to purchase a new policy with a changed beneficiary. In such cases the courts have had little difficulty granting relief to the original beneficiary (see 6 Couch on Insurance 2d, §§ 31:170, 31:171).

used to correct some act of fraud or breach of duty or confidence. Our courts have enumerated the elements which must exist before a constructive trust may be imposed: (1) a confidential relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment. The mere breach of the agreement is not sufficient to impose a constructive trust. Decedent must have abused a confidential or fiduciary relationship (see *McGrath v Hilding,* 41 NY2d 625; *Sharp v Kosmalski,* 40 NY2d 119; *Janke v Janke,* 47 AD2d 445, affd for the reasons stated in the opn of GOLDMAN, J., at the Appellate Division, 39 NY2d 786). At the time the parties executed this separation agreement a confidential relationship existed between them during which plaintiff was induced to give up her legal marital rights in exchange for decedent's mutual promises which expressly included his promise to provide insurance. The parties were separated and foresaw the possibility of a divorce at the time but that circumstance does not foreclose the imposition of a constructive trust *(Mason v Mason,* 41 AD2d 607; see, also, *Lengel v Lengel,* 86 Misc 2d 460, *supra; Richards v Richards,* 86 Wis 2d 290, *supra; Dixon v Dixon,* 184 So 2d 478, *supra).* When the decedent subsequently breached his promise and failed to maintain the insurance, his estate was unjustly enriched because the premium expenses which he incurred were limited to satisfying his financial responsibilities to his child and second wife. In doing so, he ignored his contract obligation to plaintiff, an obligation he assumed because his responsibility for regular support payments had been reduced in consideration of the deferred payment of life insurance proceeds to plaintiff upon his death. Property which should have been paid to her or to her benefit was diverted by him to other uses.

Decedent's wrong is clear enough and if defendant participated in it, a trust might readily be imposed against her (see *Moore v Crawford,* 130 US 122, *supra;* Restatement, Restitution, § 185, subd [1], Comment *b).*[2] Plaintiff does not allege any wrong on defendant's part, however, and defendant contends that since she is innocent of any wrongdoing, a constructive trust may not be imposed upon her.

---

2. In *Cramer v Biddison* (257 Cal App 2d 720, *supra),* the wrong of the decedent was chargeable to the estate which decedent named as substituted beneficiary, as beneficiary, notwithstanding its obvious nonparticipation in any wrongful conduct.

A cause of action seeking a constructive trust was approved although the estate had assets and a contract action might produce adequate relief, possibly so that plaintiff might obtain a preference over other creditors of the estate.

The right to this relief does not depend upon the commission of a tort or a crime by the possessor of the property, and the enrichment may be unjust although not unlawful or wrongful. Thus, it is said that a constructive trust may be imposed upon property transferred by mistake or even in a case in which it has been received by an innocent donee, if the donee is unjustly enriched (*Lengel v Lengel, supra; Liken v Shaffer,* 141 F2d 877, cert den *sub nom. Wilson v Shaffer,* 323 US 756; *Richards v Richards, supra;* 5 Scott, Trusts [3d ed], §§ 462, 462.2; and see *Ryan v Boston Letter Carriers' Mut. Benefit Assn.,* 222 Mass 237; Unjust Enrichment-Remedy, Ann 106 ALR 333-335). Unless the recipient of the property is a bona fide purchaser, she may not retain property which decedent has transferred to her in violation of plaintiff's equitable rights (Restatement, Restitution, § 168, Comment *b).*

Obviously, this defendant was a donee and not a bona fide purchaser. Without giving consideration, she received $7,000 in life insurance proceeds which decedent had promised for good and valuable consideration to pay to plaintiff. It is against equity and good conscience that defendant be permitted to retain the money (see *Miller v Schloss,* 218 NY 400, 407). The case is fairly analogous to a contract to make a will. Under appropriate circumstances, an equity court will enforce the contract in favor of the disappointed legatee by imposing a trust upon property received by subsequently designated beneficiaries (see *Winne v Winne,* 166 NY 263; 61 NY Jur Trusts, § 156). The circumstances in this case permit the inference that the decedent and defendant have been unjustly enriched by decedent's failure to keep his contract (see *McGrath v Hilding,* 41 NY2d 625, 629, *supra; Sharp v Kosmalski,* 40 NY2d 119, 123, *supra),* and the imposition of a constructive trust on the insurance proceeds in defendant's possession is appropriate to secure a just result to this plaintiff.

The order and judgment should be affirmed.

MARSH, P. J., MOULE, CARDAMONE and GOLDMAN, JJ., concur.

Order and judgment unanimously affirmed with costs.

ROBERT H. HURLBUT, Doing Business as SENECA NURSING