■ DONALD J. MARKWICA et al., Appellants, v DOROTHY DAVIS, Respondent. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered June 14, 1983 in Essex County, which denied plaintiffs' motion for summary judgment. Ten years before his death on June 22, 1980, decedent John Markwica incorporated a provision into his separation agreement which is the subject of this appeal. It was provided in paragraph number 6 of the agreement that "[t]he husband agrees that he shall continue the children as beneficiaries on any and all life insurance policies he now owns". After his subsequent marriage to defendant, decedent, on May 10, 1975, in direct contravention of the terms of the quoted paragraph, named defendant as beneficiary of a group policy insuring his life in the face amount of $10,000, which was in effect at the time of the agreement. Subsequent to his death on June 22, 1980, the children of decedent, plaintiffs herein, brought this action to enforce the terms of the agreement as third-party beneficiaries. Following defendant's answer, plaintiffs moved for summary judgment. Their motion was denied by Special Term for failure to first demonstrate the insolvency of their father's estate as a condition precedent to their seeking equitable relief in the nature of a constructive trust. Accordingly, Special Term denied plaintiffs'

motion as premature. We disagree and reverse the order appealed from. A "constructive trust" is not a trust at all in the substantive sense of the word; it is a remedial device created by the court to compel a person who holds legal title to property subject to an equitable duty to convey the property to another to avoid unjust enrichment (*Simonds v Simonds,* 58 AD2d 305, 308, affd 45 NY2d 233). The elements which must exist for a constructive trust are (1) a confidential relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*Sharp v Kosmalski,* 40 NY2d 119, 121). As a remedial device fashioned by equity to right a wrong, the formal requirements of substantive trust law need not be found before a court may grant such relief (see *Butler v Attwood,* 369 F2d 811, 817-820). It seems, therefore, that a suit for breach of contract against the estate of decedent is not a condition precedent to the granting of relief in the nature of a constructive trust (see *Ehrlich v Cohn,* 1 AD2d 1004, affd 2 NY2d 886; *Zinga v Zenga,* 104 Misc 2d 617). Nor need any wrongdoing on the part of defendant be shown; plaintiffs' right to relief depends on the unjust enrichment of defendant, even though not unlawful or wrongful (*Simonds v Simonds, supra,* p 311). The salient facts herein being uncontested, it being undisputed that defendant received the proceeds of the insurance policy in question as the last named beneficiary on or about July 18, 1980, and all the essential elements of a constructive trust being present herein, plaintiffs' right to impose such a trust on the proceeds of the policy received by defendant is absolute and summary judgment should have been granted to plaintiffs. Accordingly, the order of Special Term should be reversed and the plaintiffs' motion granted. Order reversed, on the law, and motion granted, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.