OPINION OF THE COURT
Jones, J.
Where as an incident of a separation agreement a decedent husband has agreed to continue his children as beneficiaries of a policy of insurance on his life, a constructive trust for their benefit will be impressed on the proceeds of such insurance in the hands of the decedent’s second wife to whom they had been paid under a change of beneficiary designation.
On June 9, 1970, John and Carol Markwica entered into a separation agreement, paragraph 6 of which provided: “The husband agrees that he shall continue the children as beneficiaries on any and all life insurance policies he now owns.” At that time John was insured in the amount of $10,000 under a group life insurance policy by virtue of his employment with Republic Steel Corporation.
On April 22,1971, John and Carol were divorced. On April 26, 1975 John married Dorothy Davis, defendant in this action, and on May 10, 1975 named her as beneficiary of his group life insurance policy. John died on June 22, 1980, and the proceeds of the life insurance policy were paid to Dorothy on July 11, 1980. No proof is tendered to show that she had had any knowledge of the provisions of paragraph 6 of the 1970 separation agreement.
The present action was instituted by and on behalf of John and Carol’s children on August 6,1982 to recover the proceeds of the life insurance policy. Supreme Court denied the children’s motion for summary judgment, but the Appellate Division reversed and granted the motion. We affirm.
On appeal before us defendant argues that there are questions of fact which require a trial, thus precluding summary judgment, in particular whether the $10,000 policy of life insurance at issue was in existence at the time of the execution of the *41 separation agreement and if so whether it was within the description, “life insurance policies he now owns”. As to the former question it is alleged in paragraph 8 of the complaint that the $10,000 policy was in existence at the time of execution of the separation agreement, and in her bill of particulars defendant stated that she had received the sum of $11,000 plus interest on account of “a certain group life insurance policy referred to in paragraph ‘8’ of Plaintiffs’ Complaint.” We read that as an implicit admission that the $10,000 policy was then in existence; moreover, no proof is tendered that it did not then exist.
With respect to the issue of “ownership”, it is not contested that John was the insured and that he possessed the right to change beneficiaries, the exercise of which right gave rise to the present lawsuit. In the absence of tender, on the motion for summary judgment, of evidentiary proof that John and Carol intended some other meaning for the word “owns”, we conclude that the group life insurance policy of which John was the insured and as to which he retained' the right to change the beneficiary falls within the scope of paragraph 6 of their separation agreement. (Hartford Acc. & Ind. Co. v Wesolowski, 33 NY2d 169, 172.)
Defendant next asserts that the failure to establish that John’s estate was insolvent (and thus unable to respond in damages in an action brought against the estate for breach of his contract to continue the children as beneficiaries on the policy) is fatal to their recovery in this action, and that, in any event, the estate is a necessary party to this action. There is no merit to either contention. The present action is grounded in principles of the law of restitution for unjust enrichment. Defendant, having furnished no consideration for the receipt of the proceeds of the life insurance policy, has received a gratuitous benefit and would be unjustly enriched in the eyes of the law were she to retain those proceeds against the claims of the children for breach by their father of his agreement to continue them as beneficiaries of the policy (Restatement, Restitution 2d, Tent Draft No. 1 [1983], § 1). That the children might also have a breach of contract claim against their father’s estate is of no moment so far as the liability of defendant to the children is concerned. (Cf. Lengel v Lengel, 86 Misc 2d 460 [constructive trust imposed on insurance proceeds in hands of second wife without reference to any claim against decedent’s estate]; Appelman v Appelman, 87 Ill App 3d 749 [constructive trust impressed on proceeds of replacement policy without reference to *42 liability or insolvency of decedent’s estate]; McKissick v McKissick, 93 Nev 139 [constructive trust impressed on insurance proceeds in action in which decedent’s estate was a party and was solvent]; Sinsel v Sinsel, 47 Ore App 153 [constructive trust impressed on insurance proceeds; claim against decedent’s estate not exclusive remedy]; see, also, Ehrlich v Cohn, 1 AD2d 1004, affd 2 NY2d 886 [insurer ordered to pay proceeds of life insurance policy to children where decedent had promised to designate them as beneficiaries and continue policy in force]; Locomotive Engrs. Mut. Life & Acc. Ins. Assn. v Locke, 251 App Div 146, affd 277 NY 584 [insurer ordered to pay first wife the proceeds of a policy he promised to maintain in her favor]; Salinas v Salinas, 187 Misc 509 [in action for insurance proceeds based on decedent’s promise, plaintiff held not limited to action for breach of contract].) This is not an instance in which alternative remedies may be available as against the same defendant (see Restatement, Restitution 2d, Tent Draft No. 1 [1983], § 9). By similar reasoning, the decedent’s estate is not a necessary party to the present action.
Finally, although not pleaded in her answer, defendant sought by conclusory assertions in her papers in opposition to the children’s motion for summary judgment, to raise affirmative defenses of laches and prior dissipation of the life insurance proceeds received by her (see Augustine v Szwed, 77 AD2d 298, 301-302). In the Appellate Division she applied for leave to amend her answer to set up these defenses. By necessary implication, the Appellate Division denied that application. There is no basis in the record for a reversal by our court of that determination (Bardere v Zafir, 63 NY2d 850).
In sum the children have established on the record that their father promised to continue them as beneficiaries of the $10,000 group life insurance policy on his life, that in violation of that promise he changed the beneficiary designation in favor of his second wife, and that she received the proceeds of the policy without giving consideration therefor or for the designation in her favor. The children have accordingly proved a restitutional claim for unjust enrichment for which the remedy, equitable in origin, of imposition of a constructive trust in their favor on the insurance proceeds is a proper form of relief in the circumstances.
For the reasons stated, the order of the Appellate Division should be affirmed, with costs.
*43 Chief Judge Cooke and Judges Jasen, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs.