■ Robert A. McCourt et al., Respondents, v Janet McCourt, Appellant.—Order and judgment unanimously affirmed, without costs. Memorandum: Plaintiffs, the former wife and children of the deceased, sued defendant, the deceased's second wife, to recover the proceeds of a life insurance policy. The children were originally named beneficiaries of the policy and, pursuant to a provision in a separation agreement incorporated but not merged in a divorce decree, the deceased agreed to continue the policy in effect, to make

premium payments as they became due and to refrain from making any changes in the beneficiaries of the policy. Subsequent to the divorce, however, the deceased remarried and changed the beneficiary of the policy from the children to the defendant.

Special Term properly granted summary judgment to the plaintiffs. The unilateral modification of the policy by decedent breached the agreement which conferred upon the children an equitable interest in the proceeds of that policy *(see, Rogers v Rogers,* 63 NY2d 582, 586-587; *Simonds v Simonds,* 45 NY2d 232, 240). Defendant is a proper and necessary party, notwithstanding that she was not a party to the separation agreement, because she received the proceeds which properly belong to the children. Decedent's estate is not a necessary party because the money is not being held as part of the estate *(see, Markwica v Davis,* 64 NY2d 38). We have considered defendant's remaining claims and find them without merit. (Appeal from order and judgment of Supreme Court, Erie County, Wolf, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.