OPINION OF THE COURT
Peter Tom, J.
In this holdover summary proceeding, petitioner has already obtained a final judgment of possession against respondent and a warrant of eviction has been issued. Before the warrant *105 was executed petitioner sold the property in issue to another entity.
Petitioner now moves for an order substituting Platinum Park Associates, its successor in title, as the petitioner in this proceeding pursuant to CPLR 1018. CPLR 1018 provides that: "Upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action.”
This proceeding was commenced sometime in 1985 against respondent based on the ground that respondent failed to provide access to petitioner to make repairs in the apartment and to correct existing violations reported in the premises.
The case was settled by stipulation on December 17, 1985 in which respondent agreed to provide specific access dates. Thereafter, petitioner made a motion for a court order directing respondent to provide access and alleging that respondent had breached the terms of the stipulation by failing to provide access to petitioner on the stipulated dates.
On February 21, 1986, the return date of petitioner’s motion, the parties again entered into a stipulation settling this proceeding in which respondent agreed to provide specific access dates.
Again, petitioner made a motion for a final judgment of possession against respondent alleging that she failed to provide access to petitioner pursuant to the agreement dated February 21.
On May 2, 1986, the court conducted a full hearing on the merits of petitioner’s motion and found that respondent deliberately denied access to petitioner pursuant to the terms of the stipulation. A final judgment of possession was entered against respondent with the issuance of the warrant stayed 10 days after service of a copy of the order with notice of entry for respondent to cure her breach pursuant to RPAPL 753 (4). The court also noted that respondent has not paid rent to petitioner for this apartment since May 1985.
The warrant of eviction was subsequently issued on August 13, 1986.
Respondent then moved for an order vacating and setting aside the judgment and warrant based on various grounds.
The court conducted a hearing on the merits of respondent’s motion and found that respondent failed to cure her breach of the lease agreement within the prescribed 10-day period. The *106 evidence from the hearing revealed the petitioner and its attorney notified respondent in writing of a specified access date within the 10-day period for repairs and respondent again failed to provide access.
Respondent’s motion was denied in its entirety by the court’s decision dated October 31, 1986.
In March 1987, petitioner made the instant motion.
At the hearing of this motion respondent, for the first time, raised the objection that petitioner’s motion papers did not contain a supporting affidavit and, therefore, the motion should be denied.
Petitioner’s motion contains a copy of petitioner’s assignment to Platinum Park Associates the rights to prosecute this proceeding as the supporting document of the motion.
CPLR 2101 (f) provides that if a defect in the form of a paper does not prejudice a substantial right of a party it shall be disregarded by the court. Petitioner in providing a copy of the assignment without an affidavit in support of the motion did not prejudice the rights of respondent in any manner. The individuals who executed the assignment came into court and testified. Respondent was afforded the opportunity to cross-examine them.
CPLR 2101 (f) also provides that a party shall be deemed to waive the defect in form unless within two days after receipt of the paper the party returns the paper to the other party setting forth the particular objection.
Respondent was served with the motion papers on or about March 19, 1987. The motion was heard on April 6, 1987 after two adjournments. Respondent objected to the defect in form for the first time on April 6. Respondent has waived her right to object to this defect.
Even though respondent is representing herself in this proceeding she was a practicing attorney until July 1984. She should be familiar with the procedures of motion practice.
Respondent also argues that this court no longer has jurisdiction over this proceeding and cannot grant the relief since the court had already issued a final judgment and the matter is allegedly before the Appellate Term of the Supreme Court and the Federal court. Respondent’s contention is without merit.
Once the Civil Court has subject matter jurisdiction over a summary proceeding pursuant to RPAPL article 7 and the *107 party is properly served pursuant to law the court obtains jurisdiction of the proceeding (Little Ferry Assocs. v Diaz, NYLJ, Jan. 12, 1981, at 12, col 1 [App Term, 1st Dept]; Jackson v New York City Hous. Auth., 88 Misc 2d 121). The court continues to retain jurisdiction of the proceeding and may grant appropriate relief from its own judgments or orders even after execution of the warrant in appropriate cases. (Micholos v Tsekoura, NYLJ, Mar. 19, 1985, at 6, col 4 [App Term, 1st Dept]; L&F Realty Corp. v Smiley, NYLJ, Oct. 19, 1982, at 5, col 3 [App Term, 1st Dept].)
The mere fact that respondent claims this proceeding is before the Appellate Term and/or Federal court does not remove the jurisdiction of this court over this proceeding. There is no order issued by any appellate court staying the instant proceeding. This court has the jurisdiction to grant the relief sought in this motion.
Petitioner has sufficiently proved the requisites for the granting of this motion.
Petitioner has proved that there is (1) a proper transfer of title to a new entity, (2) a properly executed assignment of the rights to the new owner to prosecute the proceeding, and (3) the acceptance of the assignment to prosecute the proceeding by the new owner.
Petitioner has offered into evidence a certified copy of the deed showing that the property in issue was transferred from petitioner to Platinum Park Associates on December 22, 1986, and the original copy of the assignment by petitioner which assigned to Platinum Park Associates the rights to maintain and proceed with the instant proceeding against respondent.
The managing agent for Platinum Park Associates, Michael Saperstein, testified that Platinum Park Associates has accepted the assignment and wished to proceed with the prosecution of this proceeding. Petitioner offered into evidence a copy of the acceptance of the assignment by Platinum Park signed by one of its principals.
The court finds that petitioner has met its burden of proof for the granting of this motion pursuant to CPLR 1018. (See, Real Am. Co. v Gida Corp., NYLJ, Oct. 23, 1985, at 11, col 6 [App Term, 1st Dept].)
Accordingly, petitioner’s motion is granted to the extent that petitioner in this proceeding is substituted by Platinum Park Associates in its place and stead.