■ GLORIA BAKER, Appellant, v LATHAM SPARROWBUSH ASSOCIATES et al., Respondents.—Mahoney, P. J. Appeals (1) from an order of the Supreme Court (Prior, Jr., J.), entered June 19, 1987 in Albany County, which, *inter alia,* granted defendants' cross motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered June 19, 1987 in Albany County, which, *inter alia,* denied plaintiff's motion to file a supplemental affidavit.

On August 28, 1968, Latham Sparrowbush Corporation, as landlord, and Shaker Estates, Inc., as tenant, executed a lease for an apartment complex known as Sparrowbush Apartments, located in the Town of Colonie, Albany County. Defendant Latham Sparrowbush Associates (hereinafter Latham) succeeded to the interest of Latham Sparrowbush Corporation as owner and landlord of the subject premises. On December 31, 1973, Shaker Estates executed a written assignment of its rights under the lease to Cohoes Industrial Terminal, Inc. (hereinafter Cohoes). Article 32 of the lease contained a provision reserving to the landlord the right to terminate the lease upon 60 days' notice to the tenant and the payment of $350,000. Pursuant to this provision, Latham exercised its right to terminate the lease by notice dated December 26, 1984.

In January 1985, plaintiff, secretary to Cohoes and wife of the president/sole stockholder of Cohoes, commenced an action in Supreme Court, Westchester County, against Latham to have article 32 of the lease declared invalid as violative of the rule against perpetuities (EPTL 9-1.1 [b]). It was plaintiff's contention that she had succeeded to the interests of Shaker Estates under the lease and that Cohoes was acting only as her nominee. Supreme Court granted Latham's cross motion

to dismiss the complaint upon the ground that plaintiff lacked standing. Upon appeal, this decision was affirmed by the Appellate Division, Second Department *(Baker v Latham Sparrowbush Assocs.,* 129 AD2d 667, *lv denied* 70 NY2d 606).[1]

Thereafter, Latham commenced an action in Supreme Court, Albany County, against Cohoes seeking to enforce article 32 of the lease. Upon the failure of Cohoes to respond, Supreme Court rendered a default judgment which, *inter alia,* declared article 32 valid, binding and enforceable, and directed Cohoes to deliver possession of the leased premises to Latham. Supreme Court denied the motion by Cohoes to vacate the default judgment. This court affirmed Supreme Court's order *(Latham Sparrowbush Assocs. v Cohoes Indus. Term.,* 114 AD2d 584, *appeal dismissed* 67 NY2d 736). Supreme Court then granted Latham an order which, *inter alia,* appointed a postjudgment receiver pursuant to CPLR 5106 to carry out the terms of the default judgment.[2]

On April 28, 1986, Cohoes filed a chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York. That court issued an order denying chapter 11 relief and, further, held that plaintiff's motion, made with the consent of Cohoes, for an order directing that legal title to the leasehold be transferred to her on equitable grounds was meritless. After obtaining this order, Latham moved before Supreme Court for an order directing the receiver to deliver possession of the leasehold to it. This motion was granted by order dated July 1, 1986.

On July 18, 1986, plaintiff commenced the instant action in Supreme Court, Westchester County, against Latham and its general manager, seeking to have a constructive trust imposed upon the subject leasehold and to recover damages. This action was transferred to Supreme Court, Albany County. After service of defendants' answer, plaintiff moved for partial summary judgment upon the first cause of action for a constructive trust. Defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion and granted defendants summary judgment dismissing the complaint. Supreme Court also denied plaintiff's motion to, *inter alia,* file a supplemental affidavit. These appeals by plaintiff ensued. We affirm.

---

1. Plaintiff's subsequent motions for leave to serve an amended complaint, for leave to reargue and for leave to appeal to the Court of Appeals were all denied.

2. Cohoes appealed this order to this court and sought a stay. Such relief was denied.

Plaintiff, not in possession of any indicia of ownership, seeks to have a constructive trust imposed upon the subject leasehold in order to compel defendants to transfer legal title to her. Plaintiff contends that defendants had constructive notice of her equitable interest by virtue of their knowledge of her possession of the leasehold and, therefore, are not bona fide purchasers who should prevail over her. In other words, she asserts that defendants are constructive trustees. It is also her position that when the assignment of the leasehold was executed between Shaker Estates and Cohoes, Cohoes took bare legal title to it as her nominee, leaving her with an equitable interest. Consequently, she asserts that the default judgment gave defendants no greater rights than those possessed by Cohoes.

Plaintiff buttresses her argument that Supreme Court erred in granting summary judgment dismissing her complaint by pointing out evidence which establishes that defendants had knowledge of her equitable interest. Plaintiff points out that since December 31, 1973, the date of the assignment, she has operated the property under the name of "Gloria Baker, doing business as Sparrowbush Apartments", that from December 31, 1973 to March 1, 1986 she paid monthly rent to Latham, and that she reported all net income from the property on her personal income tax return.

While we concede that Supreme Court may have erred in concluding that defendants had no notice of plaintiff's equitable interest in the leasehold, it does not follow that she may obtain legal title through the imposition of a constructive trust. The Court of Appeals has stated that a constructive trust may be imposed "[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (Beatty v Guggenheim Exploration Co., 225 NY 380, 386). In Sharp v Kosmalski (40 NY2d 119), the Court of Appeals set forth four factors requisite to the imposition of a constructive trust. Those factors are "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment" (supra, at 121; see, McGrath v Hilding, 41 NY2d 625, 629; Markwica v Davis, 99 AD2d 906, 907, affd 64 NY2d 38; Saff v Saff, 61 AD2d 452, 455, appeal dismissed 46 NY2d 969).

Here, plaintiff had not alleged, nor does it appear, that a confidential or fiduciary relationship existed between her and defendants. In addition, there is no evidence of a promise, either express or implied, made by defendants to plaintiff to

reconvey legal title upon plaintiff's demand. In the absence of such a promise, the element of reliance is also missing. Lastly, there is nothing to suggest that defendants were unjustly enriched. Defendants simply exercised an option under the lease when they ousted plaintiff of possession. The terms of the lease had previously been declared valid and, in exercising their option, defendants were required to pay $350,000 to Cohoes, the legal holder of the assignment. Thus, any unjust enrichment was by Cohoes, not defendants.

Since plaintiff has not advanced facts which establish that a constructive trust should be imposed upon the subject leasehold, we hold that Supreme Court properly dismissed the complaint. Having reached that conclusion, we find it unnecessary to consider defendants' argument that plaintiff's claim is barred by the prior decisions in the Westchester County and Albany County actions as well as the bankruptcy proceeding.

Orders affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., and Harvey, JJ., concur.