■ JOHN SPIROUNIAS, Appellant, v WESTON RENWICK, LLC, et al., Respondents. [741 NYS2d 872] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered December 18, 2001, which, in an action by plaintiff rent stabilized tenant for a declaration that the subject building is owned by the LLC defendant and that the deed purporting to transfer the building from the LLC defendant to the individual defendants is invalid, upon the parties' respective motions for summary judgment, declared in defendants' favor that the individual defendants own the building, without prejudice to plaintiff's assertion of lack of good faith as a defense in any future owner-occupancy proceeding to evict him from the apartment, unanimously affirmed, without costs.

A prior owner-occupancy holdover proceeding (Rent Stabilization Code [9 NYCRR] § 2524.4 [a] [1]), brought against plaintiff herein by the individual defendants herein, one of whom wants the apartment for his personal use (9 NYCRR 2524.4 [a] [3]), was dismissed by Civil Court on a finding that the individual defendants "failed to meet their burden concerning the validity of the transfer [of the deed from the LLC defendant] and hence, ownership, a necessary element of their prima facie case." However, as Civil Court itself noted, it lacks jurisdiction to decide an issue of title, and it purported to do so in the prior holdover proceeding only insofar as such issue had an impact on whether the individual defendant seeking possession of the apartment had a genuine intention of occupying it for his personal use. While Civil Court found such issue material under RPAPL 741 (1), which makes it part of the owner's prima facie case in any holdover proceeding to show his or her interest in the premises from which removal is sought, its finding that there had been no valid transfer of title from the LLC defendant to the individual defendants can have no res judicata effect on the issue of title raised herein (*see, Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349). At best, such finding, which was rendered after a trial that was completed in October 2000, may collaterally estop defendants from relying on the presumption that the July 15, 1999 deed was delivered to the individual defendants on that date (*see, id.*; *Manhattan Life*

*Ins. Co. v Continental Ins. Cos.*, 33 NY2d 370, 372). It cannot estop defendants from relying on the presumption that the deed was delivered to the individual defendants as of the January 2001 date of its recording (*see, Matter of Myers v Key Bank*, 68 NY2d 744, 746; *Matter of Health Tea Corp. v New York City Loft Bd.*, 162 AD2d 152, 152-153). The evidence submitted by plaintiff, namely, an unauthenticated, unexplained Department of Finance print-out listing the LLC defendant as the mortgagor of the building as of August 2001, is insufficient to rebut this presumption (*cf., e.g., Williams v Ross*, 277 AD2d 776). No issue of fact exists bearing upon the individual defendants' ownership of the building. Concur—Williams, P.J., Nardelli, Rosenberger, Marlow and Gonzalez, JJ.