Ruiz v Ruiz (2024 NY Slip Op 50098(U))

[*1]

Ruiz v Ruiz

2024 NY Slip Op 50098(U)

Decided on January 31, 2024

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 31, 2024
Civil Court of the City of New York, Bronx County

Epifanio Ruiz, Petitioner (Landlord),

against
Shadira Ruiz, Respondent (Tenant).

L& T Index No. 322812-23/BX

For Petitioner:
Bart Mayol, Esq.
930 Grand Concourse, Suite 1-A
Bronx, New York 10451
(718) 933-3633 
BMayol@yahoo.com
For Respondent:
Allison Nicole Smith, Esq.
DC-37 HEALTH & SECURITY PLAN, MUNICIPAL EMPLOYEES LEGAL SERVICES 
55 Water St Fl 22, New York, NY 10041 
(914) 359-5872 asmith@dc37.net

Diane E. Lutwak, J.

Recitation, as required by CPLR Rule 2219(A), of the papers considered in the review of Petitioner's Motion to Substitute New Owners as Petitioners and Respondent's Motion to Conduct Discovery:
Papers NYSCEF Doc #
Petitioner's Notice of Motion 10
Affirmation and Affidavit in Support 11, 12
Exhibits A-C in Support 13-15
Affirmation in Opposition 16
Respondent's Notice of Motion 18
Affirmation in Support 19
Exhibit A in Support 20
Affirmation in Opposition 21
Affirmation in Reply 22
Upon the foregoing papers and for the reasons stated below, Petitioner's motion to substitute the new owners as Petitioners and Respondent's motion for discovery, consolidated herein for determination, are decided as follows.
PROCEDURAL HISTORY & FACTUAL BACKGROUND
This is a licensee holdover eviction proceeding against the occupant of the first-floor [*2]apartment at 1864 Bruckner Boulevard in the Bronx. The Petition, dated May 30, 2023, is based on a 10-day notice to quit dated May 3, 2023 stating, "The tenant of record, Rene Ruiz passed away and you remain in possession." Respondent by counsel filed a Verified Answer on September 13, 2023 raising eleven affirmative defenses and five counterclaims including, relevant to the motions now before the court, constructive trust based on Respondent's allegations that her deceased father, Rene Ruiz, and Petitioner were brothers who had been in a confidential relationship; Respondent's father had an agreement with his brother under which he lived in the second-floor apartment of the premises from 2010 until his death in November 2021 and paid "hundreds of thousands of dollars" towards the mortgage, maintenance and upkeep of the property, "in reliance on promises by Petitioner that Rene and Respondent would be added to the deed, that Rene and Respondent had an interest in the property and that Petitioner was holding the property in trust for Rene and his children"; Respondent, who has lived in the first-floor apartment of the premises since 2012, in reliance on this promise, "also contributed to the mortgage payments and upkeep for the building by making payments to her father for such purposes"; and the imposition of a constructive trust is required to prevent unjust enrichment to Petitioner. Verified Answer at ¶¶ 38-47.
By motion filed September 27, 2023 Petitioner alleges that he sold the building and seeks to substitute the new owners of the property for himself as Petitioners, pursuant to CPLR § 1018.[FN1]
The motion is supported by the affirmation of Petitioner's attorney, who now also represents the new owners; copies of a deed transferring the property on August 21, 2023 from Petitioner to Mohammed Uddin and Parveen Akther and an assignment to the new owners of, "all the Assignor's right, title and interest in the Premises, including any current landlord tenant proceedings under index # 322812/23 in Bronx County"; the affidavit of Mohammed Uddin; and a copy of the original Notice of Petition and Petition.
Respondent, in opposition, points out that, under CPLR § 1018, the court has the authority to direct the person to whom the interest has been transferred "to be substituted or joined in the action" and asks the court to join the new owners in the case, rather than substitute them for Petitioner, against whom Respondent has raised counterclaims of constructive trust, harassment and retaliatory eviction. Respondent cites to J C Tarr, QPRT v Delsener (70 AD3d 774, 779, 895 NYS2d 168, 173 [2nd Dep't 2010])(where complaint sought damages against the former owner personally, "joinder of the new owners rather than substitution would be appropriate"); and Levenson v Estate of Nick Laviero (50 Misc 3d 1221[A], 31 NYS3d 921 [Sup Ct Ulster Co 2014])(joinder not substitution of new owner appropriate where plaintiffs had a damages claim against the prior owner). Respondent also argues that substitution rather than joinder would create a significant risk to Respondent of inconsistent judgments, asserting that "At the heart of this case is Respondent's claim that a constructive trust should be imposed on the subject property in favor of Respondent and that Respondent should be found to have an interest in the property, requiring dismissal of this summary proceeding against her." Affirm. in Opp. of Resp's Attorney at ¶ 12. 
Respondent acknowledges that this court cannot determine title to real property, but [*3]argues that the proceeding must be dismissed if Respondent proves her constructive trust defense, citing to Paladino v Sotille (15 Misc 3d 60, 64, 835 NYS2d 799, 802 [App Term 2nd Dep't 2007])(in holdover proceeding, court must entertain defenses of constructive trust and life estate, even though it lacks authority to issue a declaration); Hampton v Hampton (66 Misc 3d 1219[A], 129 NYS3d 706 [Civ Ct Queens Co 2019])(dismissing licensee holdover proceedings with prejudice based on finding that respondents established affirmative defense of constructive trust, and noting court's lack of jurisdiction to determine issues of title or division of interests); and Suissa v Baron (24 Misc 3d 1236[A][3rd Dist Ct Suffolk Co 2009])(dismissing licensee holdover after trial where respondent proved all elements of her constructive trust defense). Respondent argues that regardless of her father's death or the sale of the property she should be permitted to proceed with her constructive trust claim against Petitioner as the new owners — represented by the same attorney as represents Petitioner in both this proceeding and a prior one between the same parties - are not bona fide purchasers and, if Petitioner does not remain a party, "any decision of this court would not have preclusive effect as against him in subsequent litigation." Affirm. in Opp. of Resp's Attorney at ¶ 17. 
Respondent also moves for discovery in the form of a document production demand, seeking six categories of documents from Petitioner to support her constructive trust defense and counterclaim. Respondent asserts she has met the "ample need" standard for discovery under New York University v Farkas (121 Misc 2d 643, 468 NYS2d 808 [Civ Ct NY Co 1983]), having asserted facts in her Verified Answer to support her constructive trust defense and counterclaim; demonstrated a need to obtain information in Petitioner's possession that will clarify the key disputed facts; and narrowly tailored her document production demand, which is limited to any written agreements between her father and uncle, proof of payments made by her father to her uncle, tax returns for the relevant time period to show whether Petitioner reported any rental income and expenses, and proof of who paid the building's taxes, water/sewer charges and improvements.
In opposition, Petitioner by counsel argues that a constructive trust is not inheritable and Respondent lacks standing to make the claim, which would have to be made by the administrator of Respondent's father's estate and decided by the Surrogate's Court; the request for tax returns and documents dating back to 2012 is prejudicial; Respondent is represented by counsel and therefore cannot meet the sixth element of the "ample need" standard for discovery; no confidential or fiduciary relationship exists between Petitioner and Respondent; Respondent never paid rent or made improvements to the property; the Dead Man's Statute bars Respondent from testifying about her father paying hundreds of thousands of dollars to Petitioner or any others transactions or communications with her father to support her claim that the property reverts to her upon her father's death; Petitioner's production of tax returns would not "be dispositive that anyone paid for improvements or rents regarding the subject premises . . . [and] it is unlikely that any transactions were ever recorded between the two brothers." Affirm. in Opp. of Pet's Attorney at ¶ 6.
On reply, Respondent by counsel argues that Petitioner's claim that the Dead Man's Statute, CPLR § 4519, bars the requested discovery is misplaced, as by its own terms it applies only at trial; the primary purpose of the Dead Man's Statute is to protect the estate of a deceased person from fraudulent claims; and its protections would not apply to testimony against Petitioner regarding promises he made to Respondent and/or his brother about the subject property. Respondent points out that Petitioner's claim that "a constructive trust does not go to [*4]someone else as it is not inheritable", Petitioner's Attorney's Affirmation in Opposition at ¶ 4, is made with citations to no authority and reflects a misunderstanding of the nature of Respondent's constructive trust defense and counterclaim. Respondent argues that courts routinely impose a constructive trust in favor of the deceased's estate or distributees. As for discovery, Respondent argues that Petitioner has asserted no specific prejudice or other viable argument in opposition.
DISCUSSION
Constructive Trust
Respondent is permitted under RPAPL § 743 to raise "any legal or equitable defense, or counterclaim" to Petitioner's claim of ownership and has raised the equitable affirmative defense and counterclaim of constructive trust, both as an heir to her father's estate and on her own behalf. Specifically, Respondent asserts that Petitioner is her father's brother; as brothers, there was a confidential relationship between Petitioner and Respondent's father; and in reliance on Petitioner's promise to add Respondent and her father to the deed, they made substantial payments towards the mortgage, maintenance and upkeep of the property over a period of more than ten years. Verified Answer at ¶¶ 43-46. This claim is at the heart of both Respondent's opposition to Petitioner's motion to substitute the new owners for himself, as opposed to joining them as Petitioners, and her discovery motion. Accordingly, the motions will be viewed in light of the following analysis of this court's role when a respondent raises a constructive trust defense and counterclaim to a summary eviction proceeding.
As explained by the Appellate Division, Third Department:
A "constructive trust" is not a trust at all in the substantive sense of the word; it is a remedial device created by the court to compel a person who holds legal title to property subject to an equitable duty to convey the property to another to avoid unjust enrichment (Simonds v Simonds, 58 AD2d 305, 308, affd 45 NY2d 233). The elements which must exist for a constructive trust are (1) a confidential relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (Sharp v Kosmalski, 40 NY2d 119, 121). As a remedial device fashioned by equity to right a wrong, the formal requirements of substantive trust law need not be found before a court may grant such relief (see Butler v Attwood, 369 F2d 811, 817-820).
Markwica v Davis (99 AD2d 906, 907, 472 NYS2d 510, 511 [3rd Dep't], aff'd, 64 NY2d 38, 484 NYS2d 522, 473 NE2d 750 [1984]). See also, e.g., Sharp v Kosmalski (40 NY2d 119, 386 NYS2d 72, 351 NE2d 721 [1976]). A court may impose a constructive trust in favor of an estate or distributee thereof where the elements have been proven. See, e.g., Frias v Frias (80 Misc 3d 204, 194 NYS3d 670 [Sup Ct Kings Co 2023])(imposing a constructive trust on the subject property by deeming it owned by both plaintiff and defendant, the sister and widow of the decedent, respectively).
Declaratory relief is not available in Civil Court, BLF Realty Holding Corp v Kasher (183 Misc 2d 953, 954, 707 NYS2d 793, 794 [App Term 1st Dep't 2000]), and this court lacks jurisdiction to determine title to property, Spirounias v Weston Renwick, LLC (294 AD2d 262, 741 NYS2d 872 [1st Dep't 2002]), or impose a constructive trust, Johnson v Johnson (220 AD3d [*5]482, 483, 196 NYS3d 76, 76 [1st Dep't 2023]). Nevertheless, this court has the authority to determine whether Petitioner is the owner of the premises or otherwise has standing to maintain this eviction proceeding and recover possession of the premises from Respondent. Gordian v Donovan (6 Misc 3d 1028[A], 800 NYS2d 346 [Civ Ct NY Co 2004]). Constructive trust is a viable, equitable affirmative defense to a summary eviction proceeding that can result in its dismissal. See, e.g., Chinuch v Congregation Lubavitch, Inc (2024 NY Slip Op 24017 [App Term 2nd Dep't Jan 19, 2024]); Duryea PL, LLC v Wright (77 Misc 3d 139[A], 182 NYS3d 487 [App Term 2nd Dep't 2022]); Yau v Yau (73 Misc 3d 134[A], 154 NYS3d 578 [App Term 2nd Dep't 2021]). See also Minors v Tyler (137 Misc 2d 505, 521 NYS2d 380 [Civ Ct Bx Co 1988]).
Petitioner's CPLR § 1018 Motion
Under CPLR §§ 1018 and 1021 a party may move to substitute or join a successor in interest to a pending action. Substitution of the new owner as petitioner in a pending holdover proceeding is permissible, even after entry of a final judgment granting possession. 6-8 W 107 Ass'n v Nuey (135 Misc 2d 104, 515 NYS2d 185 [Civ Ct NY Co 1987]); and see generally 815 Park Owners, Inc v West LB Admin, Inc (119 Misc 2d 671, 463 NYS2d 1015 [Civ Ct NY Co 1983])("An owner's rights and remedies run with the land and may be assumed by a new owner."). However, joinder rather than substitution of the new owner of real property is appropriate where the opposing party has raised claims against the original owner. J C Tarr, QPRT v Delsener (70 AD3d 774, 779, 895 NYS2d 168, 173 [2nd Dep't 2010])(where complaint sought damages against the former owner personally, "joinder of the new owners rather than substitution would be appropriate"); and Levenson v Estate of Nick Laviero (50 Misc 3d 1221[A], 31 NYS3d 921 [Sup Ct Ulster Co 2014])(joinder not substitution of new owner appropriate where plaintiffs had a damages claim against the prior owner).
Here, where Respondent has raised affirmative defenses and counterclaims specifically against Petitioner — constructive trust, retaliatory eviction, harassment - joinder rather than substitution of the individuals to whom Petitioner sold the property during the pendency of this proceeding is appropriate.
Respondent's Motion for Discovery
A party requesting discovery in a special proceeding must obtain leave of court, CPLR § 408, and to obtain such leave, must demonstrate "ample need." Antillean Holding Co v Lindley (76 Misc 2d 1044, 1047, 352 NYS2d 557 [Civ Ct NY Co 1973]). In determining whether a party has established "ample need", courts consider a number of factors, not all of which need to be present in every case, including whether the movant has asserted facts to establish a claim or defense; whether there is a need to obtain information directly related to the claim or defense; whether the requested disclosure is carefully tailored and likely to clarify the disputed facts; whether prejudice will result from granting leave to conduct discovery; and whether any prejudice caused by granting a discovery request can be diminished by an order fashioned by the court for that purpose. See New York University v Farkas (121 Misc 2d 643, 647, 468 NYS2d 808 [Civ Ct NY Co 1983]), citing Antillean Holding Co v Lindley, supra.
Respondent has met the "ample need" standard, having asserted facts to establish an affirmative defense and counterclaim of constructive trust against Petitioner Epifanio Ruiz; [*6]demonstrated a need to obtain any relevant documents (to the extent they exist) that are in Petitioner's exclusive possession; and requested a narrowly-tailored list of six categories of documents that are likely to clarify the disputed facts. Notwithstanding his attorney's conclusory statements, Petitioner has not asserted any prejudice that would result from an order requiring him to respond to Respondent's document production demand.
Petitioner's unsupported arguments in opposition have been addressed in large part by the case law analysis above regarding a respondent's right under RPAPL § 743 to raise any equitable defenses and counterclaims and how a constructive trust claim is to be addressed by this court. As for the Dead Man's Statute, CPLR § 4519, "bars an interested person from testifying at trial about oral communications with a deceased person, in support of a claim against the deceased, his estate or his successor." Morrisania II Assocs v Harvey (139 Misc 2d 651, 661-62, 527 NYS2d 954, 960-61 [Civ Ct Bx Co 1998]) (finding deceased tenant's "SCRIE" applications to be admissible evidence, not barred by CPLR § 4519). It does not bar Respondent's pre-trial request for document production by Petitioner.
CONCLUSION
For the reasons stated above, it is hereby ORDERED that:
(1) Petitioner's motion pursuant to CPLR § 1018 is granted to the extent that Mohammed Shahab Uddin and Parveen Akther are added to the caption as Petitioners; and
(2) Respondent's motion pursuant to CPLR § 408 is granted and Petitioner Epifanio Ruiz shall respond to the document production demand by March 11, 2024; and
(3) This proceeding is restored to the Court's calendar for a pre-trial conference in Resolution Part K-SPP on April 5, 2024 at 9:30 a.m. This constitutes the Decision and Order of this Court, which is being uploaded on NYSCEF.
_________________________
Diane E. Lutwak, HCJ
Dated: Bronx, New York
January 31, 2024

Footnotes

Footnote 1:Petitioner's motion also seeks an order, "Sending the case out to Part X for trial". For the reasons discussed below, this proceeding is not ready to be sent out for trial. Accordingly, this branch of Petitioner's motion is denied, without prejudice and without further discussion.